**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Facciola, et. al., | No. CV-10-1025-PHX-FJM |
| Plaintiffs/Judgment Creditors, | **ORDER** |
| vs. | |
| Greenberg Traurig, LLP, a New York limited liability partnership, et.al., | |
| Defendants, | |
| and | |
| Westchester Fire Insurance Company, | |
| Garnishee | |

This action was reassigned to the undersigned on March 31, 2011. The court has before it Westchester Fire Insurance Company's ("Westchester") motion to quash writ of garnishment and request for hearing (doc. 90), plaintiff's response (doc. 120), and Westchester's reply (doc. 137).

Pursuant to A.R.S. § 12-1580, Garnishee Westchester objects to and moves to quash the Writ of Garnishment and Summons (Non-Earnings) ("Writ") filed by plaintiffs on August 9, 2010 (docs. 53, 54). Plaintiffs brought a securities fraud action against a number of defendants who allegedly participated in a purported Ponzi scheme. One such defendant, Christopher Olsen, was an officer of one of the defendant companies, Mortgages Ltd. Westchester provided Mortgages Ltd. with a Business and Management Indemnity Policy. That policy included a Directors & Officers and Company Coverage Section. Despite the

existence of this policy, Westchester denied any obligation to defend or indemnify Mr. Olsen. Mr. Olsen then entered into a Damron agreement, under which he stipulated to the entry of judgment against him in the amount of $5 million in exchange for plaintiffs' agreement not to execute except as to the insurance policy. See Damron v. Sledge, 105 Ariz. 151, 460 P.2d 997 (1969). Plaintiffs now seek to enforce that judgment against Westchester as Olson's insurer. Westchester moves to quash the Writ arguing that the policy is not subject to garnishment because: (1) numerous people and entities claim common interests in the insurance policy and (2) Mr. Olsen's interest in the insurance policy is contingent. Westchester also disputes that the insurance policy covers the Olsen judgment but fails to fully brief the issue. Plaintiffs argue that the Olsen judgment is covered, not contingent but contested, and still subject to garnishment despite the possibility of other insureds.

The validity of a writ of garnishment is governed by Arizona law. Rule 69(a), Fed.R.Civ.P. Under Arizona law, a garnishee is not liable unless at the time the writ of garnishment is served, there is "a clear, ascertainable debt" owed by the garnishee to the judgment debtor that is not "contingent on other events." Reeb v. Interchange Res., Inc., 106 Ariz. 458, 459, 478 P.2d 82, 83 (1970). If an objection is filed, we must determine "what amount of nonexempt monies, if any, the garnishee. . . owed to the judgment debtor at the time the writ was served. . . " A.R.S. § 12-1584(B). The parties have not adequately briefed the issue of whether the Olsen judgment is covered under the insurance policy. Instead, Westchester argues that the debt is contingent simply because it initially denied coverage. Plaintiffs respond that this merely makes the debt contested. See Able Distr. Co. v. James Lampe, G.C., 160 Ariz. 399, 402, 773 P.2d 504, 507 (App. 1989) (stating that "merely because a debt is disputed does not mean that it is 'contingent'"). We agree with plaintiffs that the debt is not "contingent on other events" but simply disputed. While Westchester ultimately may not be found responsible for Olsen's judgment, thus leading to the quashing of the Writ, we must resolve the issue of underlying liability first. We may do so within the context of this garnishment proceeding. See e.g., Parking Concepts, Inc. v. Tenny, 207 Ariz. 19, 26, 83 P.3d 19, 26 (2004) (remanding a case to address the issue of reasonableness under

a <u>Morris</u> agreement within a garnishment proceeding); <u>see also</u> <u>Sackin v. Kersting</u>, 105 Ariz. 566, 567, 468 P.2d 925, 926 (1970) (stating that the scope of inquiry in garnishment proceedings includes all issues relevant to a final determination of the garnishee's rights).[1]

Accordingly, we deny Westchester's motion to quash. We order the parties to submit memoranda on the issue of coverage so that we may determine whether Westchester is liable. Plaintiffs bear the burden of proving the existence of a debt owed by the garnishee to the judgment debtor at the time the garnishment was issued. <u>Falcon v. Beverly Hills Mortg. Corp.</u>, 168 Ariz. 527, 529, 815 P.2d 896, 898 (1991); A.R.S. § 12-1584(B). Plaintiffs also bear the burden of showing that the stipulated judgment, pursuant to the <u>Damron</u> agreement, was not fraudulent or collusive. <u>See</u> <u>Parking Concepts</u>, 207 Ariz. 19, 22, 83 P.3d 19, 22. Therefore, plaintiffs must file a motion on these issues within 14 days of the date this order is entered. Westchester will then respond within 14 days. Finally, plaintiffs will have 7 days to file a reply. The parties shall comply with the page limits prescribed by LRCiv. 7.2(e).

Accordingly, IT IS ORDERED DENYING Westchester's motion to quash (doc. 90). It is FURTHER ORDERED that the parties will abide by the above mentioned briefing schedule.

DATED this 12th day of May, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] Westchester's first basis for quashing the Writ is that it has a good faith duty to provide other insureds with coverage. If the Writ is enforced it would exhaust the policy limits. This issue only becomes relevant if Westchester owed a debt at the time the garnishment was issued.