Martin R. Galbut, Esq. (#002943)
Michaile J. Berg, Esq. (#027166)
GALBUT & GALBUT, P.C.
2425 East Camelback Road, Suite 1020
Phoenix, Arizona 85016
Telephone: 602.955.1455
Facsimile: 602.955.1585
docket@galbutlaw.com

Kevin M. Downey, Esq. (D.C. Bar #438547)
Ellen E. Oberwetter, Esq. (D.C. Bar #480431)
Patrick J. Houlihan, Esq. (D.C. Bar #502396)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029
kdowney@wc.com
eoberwetter@wc.com
phoulihan@wc.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant Greenberg Traurig, LLP*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT FACCIOLA, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENBERG TRAURIG, LLP, *et al*,<br><br>Defendants. | Case No.: 2:10-cv-01025-FJM<br><br>**GREENBERG TRAURIG, LLP'S RESPONSE TO LEAD PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND REQUEST FOR CLARIFICATION**<br><br>Hon. Frederick J. Martone |

Defendant Greenberg Traurig, LLP ("GT") files this response to Lead Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 216) ("Motion"). GT takes no

position as to whether the motion should be granted but does not believe that Plaintiffs' proposed Amended Complaint cures any of the deficiencies of the original Complaint.

However, GT respectfully requests that the Court clarify whether it intended to dismiss the RB Plaintiffs' Count 3 as to GT in its June 9, 2011 Order (Doc. 200) ("Order"). In addressing claims directed to the Arizona Securities Act, at pages 4–9 of the Order, the Court stated that it "agreed that the allegations with respect to Greenberg's involvement in RB securities transactions are insufficient to state a claim under A.R.S. § 44-1991(A)." The Court further stated that "[b]ased on these scant allegations, we conclude that the RB Plaintiffs have failed to allege sufficient conduct by Greenberg to support a claim under § 44-1991(A) or § 44-2003(A)," and "grant[ed] Greenberg's motion to dismiss § 1991(A) claims by RB investors." *Id.* at 9. GT thus understood the Court's subsequent discussion of aiding and abetting liability under those very same sections (Count 3), to apply only to whether the Mortgages Ltd. Plaintiffs ("ML Plaintiffs") had stated a claim against GT, as the RB Plaintiffs' claims under those sections appeared to have already been dismissed.[1] The Order's conclusion does not specifically address Count 3. *See* Order at 21.

Plaintiffs have taken the position that the Court denied GT's Motion to Dismiss Count 3 as to both the ML and RB Plaintiffs, and that the RB Plaintiffs' Count 3 is still in the case. GT has continued to serve discovery requests on the RB Plaintiffs and plan for their depositions only because the RB Plaintiffs have taken that position and because they said they would seek leave to amend. *See* Ex. 2 (noting that GT is continuing to take discovery because RB had said it would seek leave to amend). To avoid unnecessary discovery and to frame any further motion to dismiss correctly, GT seeks clarification as to the Court's prior order.

---

[1] Although GT would not rely on a newspaper article for legal analysis, an article reporting on the Order read the Order the same way. *See* Ex. 1 ("Law Firm Accused of Ties to Schemes," Arizona Republic (June 16, 2011)).

Respectfully submitted,

**GALBUT & GALBUT, P.C.**

By: /s/ Martin R. Galbut
    Martin R. Galbut, Esq.
    Michaile J. Berg, Esq.

**WILLIAMS & CONNOLLY LLP**

By: /s/ Ellen E. Oberwetter
    Kevin M. Downey, Esq.
    Ellen E. Oberwetter, Esq.
    Patrick J. Houlihan, Esq.

*Attorneys for the Greenberg Traurig, LLP*

Dated: July 18, 2011

### NOTICE OF ELECTRONIC FILING

    I hereby certify that on July 18, 2011, I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties of record.


/s/ N. Sunshine Nye