**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Facciola, et al., | No. CV-10-1025-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Greenberg Traurig LLP, et al., | |
| Defendants. | |

The court has before it defendant Greenberg Traurig's motion to compel the production of documents from non-party Oxford Investment Partners, LLC (doc. 228), Oxford's response, motion to quash, and motion for protective order (doc. 241), Greenberg's reply (doc. 242), and Oxford's reply (doc. 246).

Greenberg served a subpoena for documents on Oxford, a non-party investment firm, requesting multiple categories of documents relating to Mortgages Ltd. ("ML") investments. Greenberg asserts that Oxford was "intimately involved" in selling ML's securities to approximately 30 clients, including named plaintiff Robert Facciola. Motion at 2. Oxford was not only Facciola's financial advisor on his ML investments, but it also had discretion over Facciola's accounts and a power of attorney with respect to his ML securities. Id., ex. 8.

Greenberg requests all documents related to ML, including those documents related

to putative absent class members. It contends that any documents reflecting Oxford's knowledge of ML and its loan quality are directly imputable and therefore relevant to Facciola's knowledge of ML's financial stability, as well as Oxford's own degree of fault.

Oxford raises three arguments in opposition to the subpoena. It first contends that Greenberg should not be permitted to obtain Oxford's clients' personal financial information, arguing that such financial information is highly confidential and therefore not discoverable. However, there is no absolute rule against discovery of documents bearing on third-party finances. The test is whether the document request is reasonably calculated to lead to the discovery of admissible evidence. The mere fact that the documents may contain confidential, third-party financial information does not make them undiscoverable, particularly here where a protective order is in place (doc. 224). Oxford's generalized assertion that the requested documents may contain confidential financial information is insufficient to defend against this motion to compel.

Oxford also contends that, independent of the confidentiality concerns, Greenberg is not entitled to discovery of the absent class clients. Although discovery from absent class members is "neither prohibited nor sanctioned explicitly" by the Federal Rules, courts generally do not permit discovery from absent class members absent a showing of a particularized need for information that could not be obtained from the class representative. Rojas v. Marko Zaninovich, Inc., 2011 WL 2636071, *4 (E.D. Cal. July 5, 2011); Pierce v. County of Orange, 526 F.3d 1190, 1202 n.9 (9th Cir. 2008) (Fed. R. Civ. P. 23 imposes inherent limitations on absent class member discovery.). Here, however, the subpoena is not directed at absent class members. Although the discovery request presented to Oxford may lead to information regarding absent class members, there is no rule prohibiting discovery of documents pertaining to absent class members. Therefore, the heightened requirements relating to the discovery of absent class members do not apply.

Finally, Oxford objects that Greenberg's request for documents about an investigation that law firm Stinson Morrison Hecker ("SMH") conducted for Oxford is improper. It is alleged that Oxford retained SMH in the fall of 2007 to investigate ML because of concerns

- 2 -

about ML's financial stability. Greenberg argues that it is seeking unprivileged documents only and asks that the remaining documents be logged so that it may assess the privilege. Greenberg further contends that if SMH learned information about ML from third parties in the course of their investigation, that information is not privileged.

We conclude that Greenberg has satisfied its showing that the requested documents are relevant to the claims and defenses presented in this action, and are not privileged or improperly directed to absent class members.

**IT IS ORDERED GRANTING** Greenberg's motion to compel (doc. 228) and **DENYING** Oxford's motion to quash (doc. 241).

**IT IS FURTHER ORDERED GRANTING** Oxford's motion for protective order (doc. 241). The protective order entered on July 7, 2011, shall apply with equal force and effect to the Oxford subpoena.

DATED this 2nd day of November, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge