**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Facciola, et al., | ) | No. CV-10-1025-PHX-FJM |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Greenberg Traurig LLP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before us is lead plaintiffs' motion to quash subpoena duces tecum to Virgil Gladney and motion for protective order (doc. 271), defendant Greenberg Traurig's response and cross-motion to compel production (doc. 284), plaintiffs' response to the cross-motion and reply (doc. 287), and Greenberg's reply (doc. 288).

Greenberg issued a subpoena to Virgil Gladney, who performed tax-related work in 2010 for lead plaintiff Reznik, including the preparation of amended tax returns. The subpoena requested, among other things, all documents related to Reznik's ML investments, including documents related to any theft tax deduction that Reznik may have taken, as well as all documents showing any ML investment payment made or received by Reznik. Greenberg also seeks production of documents related to lead plaintiffs' net worth.

Plaintiffs' object to the subpoena, arguing that tax records are presumptively non-discoverable, and that plaintiffs' tax consequences are not relevant to defendant's liability.

"Tax returns do not enjoy an absolute privilege from discovery." Premium Serv. Corp. v. Speery & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975); Stokwitz v. United

1 States, 831 F.2d 893 (9th Cir. 1987).  The confidentiality of relevant tax information can be
2 preserved by the protective order already issued in this case (doc. 224).

3       Greenberg argues that the requested accounting and tax information is relevant
4 because plaintiffs are pursuing a "theft loss deduction" under IRS Rev. Proc. 2009-20, which
5 requires a taxpayer to describe the alleged theft and identify its perpetrators.  Therefore,
6 according to Greenberg, the requested documents bear directly on the nature of the alleged
7 "scheme" that forms the basis of plaintiffs' claims and Greenberg's defenses.

8       Greenberg also contends that plaintiffs' accounting and tax records (redacted to
9 disclose information related to ML investments only) will contain information about what
10 securities plaintiffs owned and still own, their value, the return on those investments, and the
11 extent of any losses.  Greenberg argues that plaintiffs' own sworn statements on this topic
12 have been shown to be inaccurate, making production of relevant portions of tax returns
13 necessary.

14       Finally, Greenberg seeks the production of information relating to plaintiffs' net worth
15 during the period they invested with ML.  According to Greenberg, this evidence is relevant
16 because ML required investors to provide information attesting to their net worth in order to
17 qualify to participate in these speculative investments.  Reznik has acknowledged that ML
18 relied on that information in order to allow her to invest.  Reznik Tr. at 116-17.

19       We conclude that Greenberg has sufficiently shown that the requested documents are
20 reasonably likely to lead to the discovery of admissible evidence.  See Fed. R. Civ. P.
21 26(b)(1).

22       Therefore, **IT IS ORDERED DENYING** plaintiffs' motion to quash and motion for
23 protective order (doc. 271).  **IT IS FURTHER ORDERED GRANTING** Greenberg's
24 motion to compel (doc. 284).

25       DATED this 30th day of November, 2011.

26

27 _Frederick J. Martone_
28 Frederick J. Martone
United States District Judge