Martin R. Galbut, Esq. (#002943)
Michaile J. Berg, Esq. (#027166)
GALBUT & GALBUT, P.C.
2425 East Camelback Road, Suite 1020
Phoenix, Arizona 85016
Telephone: 602.955.1455
Facsimile: 602.955.1585
docket@galbutlaw.com

Kevin M. Downey, Esq. (D.C. Bar #438547)
Kenneth C. Smurzynski (D.C. Bar # 442131)
Ellen E. Oberwetter, Esq. (D.C. Bar #480431)
Patrick J. Houlihan, Esq. (D.C. Bar #502396)
Colette T. Connor, Esq. (D.C. Bar # 991533)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029
kdowney@wc.com
ksmurzynski@wc.com
eoberwetter@wc.com
phoulihan@wc.com
cconnor@wc.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant Greenberg Traurig, LLP*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| ROBERT FACCIOLA, *et al.*, | Case No.: 2:10-cv-01025-FJM |
| Plaintiffs, | **GREENBERG TRAURIG LLP'S MOTION TO DISMISS COUNT ONE OF AMENDED COMPLAINT AS TO THE RADICAL BUNNY PLAINTIFFS** |
| vs. | |
| GREENBERG TRAURIG, LLP, | |
| Defendant. | Hon. Frederick J. Martone |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Greenberg Traurig, LLP ("GT") hereby moves to dismiss Count One of Plaintiffs' Amended Complaint (Doc. 289) as to the claim brought by the Radical Bunny ("RB") investors alleging that GT violated A.R.S. § 44-1991(A). In its June 9, 2011 Order ("Order") (Doc. 200), the Court dismissed this claim. The repackaged allegations of the Amended Complaint do nothing to change the Court's prior analysis and conclusion, and thus the RB Plaintiffs' claims of Count One should again be dismissed.

## ARGUMENT

In its Order, the Court found that "the allegations with respect to [GT's] involvement in RB securities transactions are insufficient to state a claim under A.R.S. § 44-1991(A)."[1] Order at 8. The Court specifically considered the RB Plaintiffs' allegations that Bob Kant (of GT) had: "warned RB managers that their conduct violated federal and state securities laws;" "tried to remedy RB's ongoing securities violations;" and "prepared drafts of RB POMs . . . that were circulated to [RB's counsel] and senior management of both [Mortgages Ltd.] and RB." *Id.* at 8-9. The Court also took into consideration the allegation that "the draft RB POMs were never completed or shared with any RB investor." *Id.* at 9. Based on these allegations, the Court concluded that the RB Plaintiffs had failed to allege conduct that would state a claim against GT under A.R.S. § 44-1991(A) or § 44-2003(A). *Id.*

The Amended Complaint does not allege any additional conduct by GT with respect to the RB investors that alters the conclusion the Court previously reached. To be sure, the prolix Amended Complaint provides more detail to the allegations that Kant knew of RB and its relationship with his client, Mortgages Ltd., Am. Compl. ¶¶ 131–44, but the original

---

[1] The Arizona Securities Act makes it unlawful to (1) "[e]mploy any device, scheme or artifice to defraud"; (2) "[m]ake any untrue statement of material fact, or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading"; or (3) "[e]ngage in any transaction, practice or course of business which operates or would operate as a fraud or deceit." A.R.S. § 44-1991(A). Liability is limited, however, to those persons who "made, participated in or induced the unlawful sale or purchase." A.R.S. § 44-2003(A).

Complaint had already alleged that Kant knew of RB's involvement and had gone so far as to warn RB's managers that their conduct violated the securities laws, Order at 8. Likewise, the Amended Complaint adds more detail to the allegations of Kant's involvement in the drafting of an RB POM, Am. Compl. ¶ 359–63, but the original Complaint had already alleged his involvement with the draft RB POM, Order at 8–9. Critically, none of the new allegations of the Amended Complaint states that Kant or Greenberg were involved in the drafting of any document that was completed or shared with any RB investor.[2] (Of course, both the original Complaint and Amended Complaint fail to allege the critical and dispositive fact: that the draft RB POM was intended to and would have brought RB into compliance with the law, rendering plaintiffs' claim unfounded as well.) Accordingly, the Amended Complaint does not cure the deficiency that led to the Court's prior dismissal of the claim of a primary securities act violation as to the RB investors: GT's lack of involvement in any actual RB securities transaction. Order at 8.

Finally, the rote recitation of new Paragraph 580 of the Amended Complaint that GT "participated in or induced the unlawful integrated securities sales to Plaintiffs Hagel, Baker and the other members of the proposed Radical Bunny class" does not suffice. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (holding that conclusory statements are insufficient to state a claim under Rule 12(b)(6), which requires "well-pleaded factual allegations").

In sum, Plaintiffs' additional allegations in the Amended Complaint fail to bring GT any closer to an actual securities transaction involving RB, and thus Count 1 of the Amended Complaint should be dismissed with respect to the claims brought by the RB Plaintiffs.

---

[2] The language of Paragraph 363 of the Amended Complaint is representative, and telling: Plaintiffs allege that GT "negotiate[d] offering terms" and "explore[d] ways" that RB could continue making loans, and "develop[d] offering terms," but never alleges that any of the subjects of these negotiations, explorations, and developments ever came to pass.

DATED this 23rd day of December, 2011.

                                          Respectfully submitted,

                                  **GALBUT & GALBUT, P.C.**

                                By:<u>/s/ Martin R. Galbut</u>
                                    Martin R. Galbut, Esq.
                                    Michaile J. Berg, Esq.

                                **WILLIAMS & CONNOLLY LLP**

                                By:<u>/s/ Kenneth C. Smurzynski</u>
                                    Kevin M. Downey, Esq.
                                    Kenneth C. Smurzynski, Esq.
                                    Ellen E. Oberwetter, Esq.
                                    Patrick J. Houlihan, Esq.
                                    Colette T. Connor, Esq.

                           *Attorneys for Greenberg Traurig, LLP*

## <u>NOTICE OF ELECTRONIC FILING</u>

     I hereby certify that on December 23, 2011, I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties of record.

<u> /s/ N. Sunshine Nye            </u>