Martin R. Galbut, Esq. (#002943)
Michaile J. Berg, Esq. (#027166)
GALBUT & GALBUT, P.C.
2425 East Camelback Road, Suite 1020
Phoenix, Arizona 85016
Telephone: 602.955.1455
Facsimile: 602.955.1585
docket@galbutlaw.com

Kevin M. Downey, Esq. (D.C. Bar #438547)
Kenneth C. Smurzynski, Esq. (D.C. Bar # 442131)
Ellen E. Oberwetter, Esq. (D.C. Bar #480431)
Patrick J. Houlihan, Esq. (D.C. Bar #502396)
Colette T. Connor, Esq. (D.C. Bar # 991533)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029
kdowney@wc.com
ksmurzynski@wc.com
eoberwetter@wc.com
phoulihan@wc.com
cconnor@wc.com
*Admitted Pro Hac Vice*

Attorneys for Defendant Greenberg Traurig, LLP

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT FACCIOLA, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> GREENBERG TRAURIG, LLP, *et al.*, <br><br> Defendants. | Case No.: 2:10-cv-01025-FJM <br><br> **GREENBERG TRAURIG LLP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT ONE OF AMENDED COMPLAINT AS TO THE RADICAL BUNNY PLAINTIFFS** <br><br> Hon. Frederick J. Martone |

Plaintiffs' Amended Complaint fails to plead any facts alleging that GT participated in or induced the sale of securities to any Radical Bunny ("RB") Plaintiff.[1]  Rather than address the deficiencies in their allegations that required the dismissal of Count One of the original Complaint as to RB investors, Plaintiffs instead suggest that GT could be liable to the RB Plaintiffs without having played any role in the sale of a security to any RB Plaintiff. Plaintiffs' reading of the Arizona Securities Act ("ASA") is at odds with the plain language of A.R.S. § 44-2003(A) as well as this Court's June 9, 2011 Order ("Order").  For the reasons set forth below and in GT's Motion to Dismiss, Plaintiffs' amended Count One must be dismissed as to the RB Plaintiffs.

## ARGUMENT

### I. Plaintiffs' "New" Allegations Merely Rehash Those of the Original Complaint.

In their Opposition, Plaintiffs identify no reason that the amendments to Count One should change the Court's prior dismissal of the RB Plaintiffs' claim under the ASA. Instead, Plaintiffs merely reiterate a limitless interpretation of the statute that the Court already has rejected.

Just as in their original Complaint, Plaintiffs fail to identify any allegations that, if true, would establish that GT induced or participated in the sale of securities to any RB Plaintiff.  Rather, they attempt to read § 44-2003(A), which limits liability under the ASA to those defendants who "made, participated in or induced the unlawful sale or purchase" of the security, out of the statute book.  Plaintiffs repeatedly cite the Arizona Supreme Court's use of the word "sweeping" in *Grand v. Nacchio*, 236 P.3d 398, 401 (Ariz. 2010), as justification for an interpretation that would impose liability on GT despite the fact that Plaintiffs have pleaded no facts showing that GT had *any* role in the sale of securities to the RB Plaintiffs.  To adopt Plaintiffs' reading would be to render § 44-2003(A) a nullity.

Plaintiffs' assertion that GT has not cited any Arizona case holding that § 44-2003(A) means what it says, Opp'n at 2, ignores the single most important decision—this

---

[1] The RB Plaintiffs are Judith A. Baker and the Fred C. Hagel and Jacqueline M. Hagel Revocable Living Trust Dated March 15, 1995.

- 1 -

1  Court's order granting GT's motion to dismiss the original version of the RB Plaintiffs'
2  claim, which is law of the case.  In its Order, this Court made clear that Plaintiffs' central
3  allegations—that GT worked on a draft RB POM that was never used, that GT was aware of
4  RB's non-compliance with securities laws, and that GT warned RB's principals of their non-
5  compliance—"failed to allege sufficient conduct by" GT to show participation in or
6  inducement of fraudulent sales of securities to RB investors under § 44-2003(A).  Order at
7  8–9.

8  None of Plaintiffs' "new" allegations changes that conclusion.  The Amended
9  Complaint merely adds more details to the same allegations already rejected as insufficient
10 by this Court and continues to fail to allege facts that tie GT to the sale of securities to
11 Plaintiffs Hagel and Baker (or any RB investor, for that matter).  Plaintiffs' allegations
12 regarding GT's alleged assistance in the "restructuring" of RB, Opp'n at 5–6, and in the
13 drafting of an RB POM, Opp'n at 6–7, do not state a claim because any RB restructuring
14 was never consummated and the RB POM was neither completed nor shared with any RB
15 Plaintiff.  *See* Order at 9.

16 Rather than remedy this glaring defect—which they cannot—Plaintiffs trumpet
17 allegations they purport establish that GT "participated in the [alleged] *scheme*," Opp'n at
18 3–4 (emphasis added).  Even if that were true—which it is not—the fact remains that
19 defendants are not liable under the ASA unless they "made, participated in or induced the
20 *unlawful sale or purchase*" of the security.  § 44-2003(A) (emphasis added).  Accordingly,
21 Plaintiffs' emphasis on their pleading of a scheme theory adds nothing to the relevant
22 analysis.

23 Because the amended Count 1, like its predecessor, "fail[s] to allege sufficient
24 conduct by [GT] to support a claim under § 44-1991(A) or § 44-2003(A)," as to the RB
25 Plaintiffs, Order at 9, it must be dismissed.

**II.     Plaintiffs' Procedural Arguments Are Unfounded.**

In sections A and C of their Opposition, Plaintiffs present two procedural arguments that lack merit.  GT's motion to dismiss is neither a motion for reconsideration nor in violation of the Court's Rule 16 Scheduling Order.

First, the motion to dismiss does not seek reconsideration of the Court's Order permitting Plaintiffs to amend.  GT was not required to raise the legal defects of the proposed amendment by opposing the motion to amend on the basis of futility.  Unlike a motion to dismiss, the decision whether to allow an amendment is within the Court's discretion.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Accordingly, "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."  *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).  For these reasons, the argument Plaintiffs raise has been rejected.  *See Wood v. City of San Diego*, 2010 WL 2382335, at *2–3 (S.D. Cal. June 10, 2010) (rejecting argument that defendant's motion "is an improper motion for reconsideration disguised as a motion to dismiss" and granting motion to dismiss amended complaint even though court had earlier permitted the amendment over a futility objection).  Rather than creating the potential for raising the same arguments twice, GT chose the most efficient manner in which to raise the fatal defects of the amended Count One.

Second, GT's motion to dismiss in no way violates the Scheduling Order's limitation on the number of summary judgment motions.  GT's motion is a motion to dismiss for failure to state a claim under Rule 12, not a summary judgment motion under Rule 56.  Nothing in the Court's scheduling order precludes GT from filing a summary judgment motion in the future merely because it has exercised its right to move to dismiss amended Count One as to the RB claims.  Nothing in the Order suggests such a limit, nor would such a provision make any sense, or be consistent with Rule 12 and Rule 15.

Accordingly, Count One should be dismissed as to the claims of the RB Plaintiffs.

DATED this 19th day of January, 2012.

Respectfully submitted,

**GALBUT & GALBUT, P.C.**

By: /s/ Martin R. Galbut
    Martin R. Galbut, Esq.
    Michaile J. Berg, Esq.

**WILLIAMS & CONNOLLY LLP**

By: /s/ Ellen E. Oberwetter
    Kevin M. Downey, Esq.
    Kenneth C. Smurzynski, Esq.
    Ellen E. Oberwetter, Esq.
    Patrick J. Houlihan, Esq.
    Colette T. Connor, Esq.

*Attorneys for Greenberg Traurig, LLP*

### **NOTICE OF ELECTRONIC FILING**

I hereby certify that on January 19, 2012, I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties of record.

/s/ N. Sunshine Nye