MORGAN, LEWIS & BOCKIUS LLP
ROBERT E. GOODING, JR. (*admitted pro hac vice*)
rgooding@morganlewis.com
SCOTT B. GARNER (*admitted pro hac vice*)
sgarner@morganlewis.com
SHAWN M. KENNEDY (*admitted pro hac vice*)
skennedy@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA  92614
Tel:  949.399.7000
Fax:  949.399.7001

STEPTOE & JOHNSON LLP
MICHELLA A. KRAS (SBN 022324)
mkras@steptoe.com
Collier Center
201 East Washington Street
16th Floor
Phoenix, Arizona  85004
Telephone:  (602) 257-5200
Facsimile:  (602) 257-5299

Attorneys for Defendant QUARLES & BRADY LLP

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT FACCIOLA, *et al.*,<br><br>        Plaintiffs,<br><br>    vs.<br><br>GREENBERG TRAURIG, LLP, a New York limited liability partnership, *et al.*,<br><br>        Defendants. | Case No. 2:10-cv-01025-FJM<br><br>**DEFENDANT QUARLES & BRADY LLP'S REPLY IN SUPPORT OF MOTION FOR ADDITIONAL DEPOSITIONS**<br><br>[Expedited Review Requested] |

DB2/ 22938812.3

In opposing defendant Quarles & Brady LLP's ("Quarles") motion for additional depositions, plaintiffs complain that defending a few additional depositions in the last 45 days of discovery will be burdensome on them. Plaintiffs apparently believe that no burden should befall them, despite their having sued Quarles for *over $1 billion*. Given the complexities of this case and the amount at issue, Quarles and co-defendant Greenberg Traurig have made herculean efforts to streamline the deposition process. Quarles believes, however, that, notwithstanding those efforts, it still requires five additional depositions to adequately defend this case. Quarles addresses each of plaintiffs' points below.

First, plaintiffs note that Quarles and Greenberg Traurig have taken, or are about to take, twenty depositions already, and that some have lasted two days. While that is true, it hardly justifies the denial of Quarles' request. Moreover, plaintiffs fail to tell the Court that many of the depositions were substantially lengthened by plaintiffs' own questioning of the witnesses. Indeed, plaintiffs have avoided using their allocation of twenty depositions largely by insisting on using up to half the time allotted for each of defendants' depositions.

Second, plaintiffs complain that the last 45 days should be reserved for expert depositions and not for fact depositions. It was defendants, however, who proposed at the initial scheduling conference that discovery be separated into merits and expert phases. Plaintiffs argued that "there should be a single cutoff date for all discovery," including "fact and expert discovery" (Doc. 191), and the Court ultimately ordered a single cutoff. Thus, plaintiffs cannot be heard now to complain about the mixing of fact and expert discovery.[1]

Third, plaintiffs argue that it is too late in the discovery process to be conducting fact discovery, even though they continue to produce relevant and responsive documents. In fact, the individual named plaintiffs produced their most recent batch last week – this after

---

[1] Plaintiffs argue that they were magnanimous in offering to allow defendants to take twenty fact depositions and five expert depositions because the Court's scheduling order limits the parties to twenty total depositions. Plaintiffs' argument is preposterous – the Court's scheduling order clearly allows for twenty *fact* depositions per side.

representing to the Court at the June 3, 2011 scheduling conference that they would complete their production almost immediately.  In light of their ongoing production, plaintiffs obviously cannot be heard to complain that defendants have not yet completed their fact discovery.

Fourth, plaintiffs have absolutely no basis to contend that the witnesses at issue are not important.  For example, as plaintiffs note, three of the witnesses – attorneys Carl Ranno, Larry Wilk, and Charles Berry – consulted with Radical Bunny before Quarles did.  Quarles expects that all three will testify that they advised Radical Bunny that it likely was violating the securities laws – the same advice Quarles subsequently gave, but that the Radical Bunny principals steadfastly deny they received from Quarles or from anyone else.  Because plaintiffs apparently seek to demonstrate that Quarles never actually advised Radical Bunny that they were violating the securities laws and should stop doing so, Radical Bunny's knowledge of their violations is one of the most significant issues in this case.

Plaintiffs also argue that Cathy Baker and a witness from Tempe Land Company are irrelevant because both have knowledge of events that took place after Quarles terminated its relationship with Radical Bunny in June 2008.  But what happened to Radical Bunny and its investments after June 2008 is critically important to the issue of damages.  For example, plaintiffs have hired an expert to opine that the Radical Bunny investors received nothing of value after the Radical Bunny bankruptcy, notwithstanding that they actually received deeds of trust on all of the properties on which Mortgages Ltd. loaned money.  One of the deeds of trust was for the Centerpoint property owned by Tempe Land Company – a property toward which nearly half of the Radical Bunny investment money (over $90 million) was allocated. Testimony from these witnesses clearly is relevant.

Finally, plaintiffs suggest – with no basis – that the witnesses at issue could merely be interviewed rather than deposed.  Cathy Baker, for example, is a member of the Radical Bunny plaintiff class and is highly unlikely to talk to Quarles' lawyers without a subpoena.  In any event, any interview obviously would not be under penalty of perjury and would not be admissible at trial.  Thus, depositions, and not merely interviews, are necessary.

1   Accordingly, Quarles respectfully requests that the Court grant its motion.

3   Dated: February 1, 2012             MORGAN, LEWIS & BOCKIUS LLP
                                        ROBERT E. GOODING, JR.
                                        SCOTT B. GARNER
                                        SHAWN M. KENNEDY


                                        By /s/ Scott B. Garner
                                            Scott B. Garner
                                            Attorneys for Defendant Quarles &
                                            Brady LLP

DB2/ 22938812.3

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2012 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Serap Karaman-Stothers
Paralegal

DB2/ 22938812.3