Martin R. Galbut, Esq. (#002943)
Michaile J. Berg, Esq. (#027166)
GALBUT & GALBUT, P.C.
2425 East Camelback Road, Suite 1020
Phoenix, Arizona 85016
Telephone: 602.955.1455
Facsimile: 602.955.1585
docket@galbutlaw.com

Kevin M. Downey, Esq. (D.C. Bar #438547)
Kenneth C. Smurzynski (D.C. Bar # 442131)
Ellen E. Oberwetter, Esq. (D.C. Bar #480431)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029
kdowney@wc.com
ksmurzynski@wc.com
eoberwetter@wc.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant Greenberg Traurig, LLP*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT FACCIOLA, *et al.*,<br><br>                    Plaintiffs,<br><br>      vs.<br><br>GREENBERG TRAURIG, LLP, *et al.*,<br><br>                    Defendants. | Case No.: 2:10-cv-01025-FJM<br><br>**GREENBERG TRAURIG, LLP'S MOTION TO STRIKE THE EXPERT REBUTTAL REPORT OF GORDON RAUSSER**<br><br>Hon. Frederick J. Martone |

Greenberg Traurig, LLP ("GT"), pursuant to Fed. R. Civ. P. 37(c)(1), hereby moves to strike Dr. Gordon Rausser as an expert witness on the ground that his disclosure violates the Court's Scheduling Order.   The Order provided that "Plaintiff(s) shall disclose the identity of all persons who may be used at trial to present evidence under Fed.R.Evid. 702, 703, 704, and 705 no later than November 14, 2011."  6/6/11 Order ¶ 4.  On January 13, 2012, Plaintiffs served the so-called "Expert Rebuttal Report of Gordon Rausser, Ph.D." *See* Ex. A.[1]  Dr. Rausser's report is two months late as an initial disclosure, and improper as rebuttal testimony.  His proposed testimony is an effort to buttress or replace inadequate liability and damages opinions originally offered by Plaintiffs' expert, James Sell, and should be struck.

In their initial expert reports, Plaintiffs proffered the report of James Sell, C.P.A.  Mr. Sell opined that, by 2006, Mortgages Limited ("ML") was insolvent as a result of its debt obligations, began to function as a Ponzi scheme, and that the securities it sponsored were therefore worthless when offered.  Ex. B. ¶¶ 8–16; 21–23.  Mr. Sell further opined as to the damages suffered by the Plaintiffs.  *Id.* ¶¶ 24–28.  Even a brief review of Mr. Sell's report reveals that he failed to disclose "the basis and reasons" for his opinions, *see* Fed. R. Civ. P. 26(a)(2)(B)(i), expressed his opinions in conclusory form without citation to facts and data, and even acknowledged in a footnote that his purported aggregate damages numbers had not yet excluded investors who are seeking recovery through other lawsuits.  *Id.* ¶ 28 n.3.

Dr. Rausser's report is not "rebuttal" testimony at all, but is an attempt to provide the basis and reasons that Mr. Sell did not.  Tellingly, his report is more than five times longer than Mr. Sell's.  *Compare* Ex. A *with* Ex. B (86 v. 17 pages).  Dr. Rausser's report substantially changes the damages analysis of Mr. Sell,[2] by including the presentation of dozens of new tables, employing entirely new methodologies, all of which result in new sets of damages numbers.  *Compare* Ex. A at 72–86 with Ex. B ¶¶ 24–28.  Dr. Rausser also – for

---

[1] The exhibits referenced herein are the subject of a contemporaneously filed Motion to File Under Seal.

[2] *Compare* Ex. A, Rausser Table 16 at 77 (Rescission and Rescissionary Damages) *with* Ex. B, Sell Tab 5 (Rescission).

- 1 -

the first time by a Plaintiffs' expert – includes pages upon pages of discussion of facts supposedly not disclosed to investors (Ex. A at 24-67), and addresses the issue of causation, an aspect of Plaintiffs' case left completely unaddressed in their original expert disclosures. Although he pays lip service to the notion of his report as a response to Defendants' experts at page 6 of his report (Ex. A), in the following 80 pages that contain the substance of his opinions, Dr. Rausser never once mentions a single defense expert's name.[3]

Expert testimony constitutes rebuttal testimony if it "is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). Rebuttal reports "exist[] to counter the opinions" outlined in an opponent's expert disclosures. *Guadiana v. State Farm Fire & Cas. Co.*, 2010 WL 582220 at *2 (D. Ariz. Jan. 27, 2010). Rebuttal reports cannot be used as a means of introducing new theories or correcting oversights in the plaintiffs' case in chief. *See Trowbridge v. United States,* 2009 WL 1813767 at *11 (D. Idaho June 25, 2009). These limitations are "designed to forestall 'sandbagging' by a party with the burden of proof who wishes to save its best points for reply, when it will have the last word, a common litigation tactic." *Oracle Am., Inc. v. Google Inc.*, 2011 WL 5572835 at *3 (N.D. Cal. Nov. 15, 2011); *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 501 (N.D. Cal. 2008). Dr. Rausser's report violates these principles.

Further, a plaintiff's original report must disclose any opinions "needed to prove a[n] element of Plaintiffs' case in chief," and may not save those for rebuttal. *Stamas v. Cnty. of Madera*, 2011 WL 826330 at *5 (E.D. Cal. Mar. 3, 2011); *see Burnham v. United States*, 2009 WL 2169191 at *6 (D. Ariz. July 20, 2009) (striking a rebuttal report because the inclusion of affirmative evidence "in effect asks the Court to extend the deadline for

---

[3] Dr. Rausser has on more than one occasion had his opinions struck for exceeding the proper scope of a rebuttal report. *See In re Ready-Mixed Concrete*, 261 F.R.D. 154, 159 (S.D. Ind. 2009) (striking "Dr. Rausser's (supplemental) analyses" which "extended well beyond" the initial expert's report); *Allen v. Dairy Farmers of America, Inc.*, 2011 WL 6148678, at *7-8 (D. Vt. Dec. 9, 2011) (declining to consider a theory articulated by Rausser only partially developed as of original report).

disclosure of initial experts."); *Wong v. Regents of the Univ. of Cal.*, 410 F. 3d 1052, 1060–62 (9th Cir. 2005); *Lubanski v. Coleco Indus.,* 929 F.2d 42, 47 (1st Cir.1991) (arguments needed for a case in chief cannot be raised for the first time on rebuttal).  Mr. Rausser's disclosure of such opinions here is improper, and should not be permitted.

Plaintiffs' strategic attempt to extend their initial expert report deadline is neither justified nor harmless.[4]  By delaying two months the disclosure of theories and the facts supporting them, Plaintiffs have disregarded the Court's scheduling order and essentially prevented GT from developing discovery in response to Plaintiffs' true expert opinions. GT, therefore, moves the Court to exclude Dr. Rausser as an expert witness.

DATED this 9th day of February, 2012.

Respectfully submitted,

**GALBUT & GALBUT, P.C.**

By:/s/ Martin R. Galbut
    Martin R. Galbut, Esq.
    Michaile J. Berg, Esq.

**WILLIAMS & CONNOLLY LLP**

By:/s/ Ellen E. Oberwetter
    Kevin M. Downey, Esq.
    Kenneth C. Smurzynski, Esq.
    Ellen E. Oberwetter, Esq.

*Attorneys for Greenberg Traurig, LLP*

---

[4]  Indeed, plaintiffs' continued disregard for the Scheduling Order is revealed by their January 31, 2012, submission of a "supplemental" version of Dr. Rausser's report that contained a dozen new tables.  Ex. D.  These tables analyze information that was produced to the parties months ago.

## <u>NOTICE OF ELECTRONIC FILING</u>

I hereby certify that on February 9, 2012, I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties of record.

 /s/ N. Sunshine Nye

## STATEMENT OF COUNSEL PURSUANT TO L.R. Civ. 7.2(j)

I hereby certify that after personal consultation via telephone on February 7, 2012 with counsel for the ML investor plaintiffs, and February 9, 2012 with counsel for the RB investor plaintiffs, additional e-mail correspondence, and sincere efforts to resolve the issues raised by this motion, counsel have been unable to satisfactorily resolve the matter.

Dated:  February 9, 2011

Ellen E. Oberwetter
Williams & Connolly LLP
724 12th St. NW
Washington, DC 20005