1  Richard G. Himelrick, #004738
   J. James Christian, #023614
2  **Tiffany & Bosco, P.A.**
   Third Floor Camelback Esplanade II
3  2525 East Camelback Road
   Phoenix, Arizona 85016-4237
4  Telephone: (602) 255-6000
   Facsimile:   (602) 255-0103
5  rgh@tblaw.com; jjc@tblaw.com
   Attorneys for Plaintiffs Robert Facciola; The Robert Maurice
6  Facciola Trust Dated December 2, 1994; Honeylou C. Reznik;
   The Morris Reznik and Honeylou C. Reznik Trust; Jewel Box
7  Loan Company, Inc.; Jewel Box, Inc.; H-M Investments, LLC

8  Andrew S. Friedman, #005425
   **Bonnett, Fairbourn, Friedman & Balint, P.C.**
9  2901 N. Central Avenue. Suite 1000
   Phoenix, Arizona 85012
10 Telephone: (602) 274-1100
   Facsimile: (602) 274-1199
11 afriedman@bffb.com
   Attorneys for Plaintiffs Fred C. Hagel and Jacqueline M. Hagel
12 Revocable Living Trust Dated March 15, 1995; Judith A. Baker

13                  UNITED STATES DISTRICT COURT

14                       DISTRICT OF ARIZONA

15

16 ROBERT FACCIOLA, et al.,              Case No. 2:10-cv-01025-FJM

17               Plaintiffs,             **STIPULATION OF SETTLEMENT
                                         BETWEEN LEAD PLAINTIFFS
18         vs.                           AND DEFENDANT QUARLES &
                                         BRADY, LLP**
19 GREENBERG TRAURIG, LLP, a New
   York limited liability partnership, et al.,
20
                 Defendants.
21

22         This stipulation of settlement dated June 4, 2012 ("Stipulation") is submitted

23 pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of

24 the District Court, this Stipulation is entered into by Class Representatives-Lead Plaintiffs

25 Robert Facciola, the Robert Maurice Facciola Trust Dated December 2, 1994, Honeylou

26 C. Reznik, The Morris Reznik and Honeylou C. Reznik Trust, Jewel Box Loan Company,

27 Inc., Jewel Box, Inc., H-M Investments LLC, Judith A. Baker and the Fred C. Hagel and

28 Jacqueline M. Hagel Revocable Living Trust Dated March 15, 1995 (collectively, "Lead

Plaintiffs"), on behalf of themselves and the proposed Settlement Classes (defined below), and by Defendant Quarles & Brady, LLP ("Quarles" and, together with Lead Plaintiffs, the "Parties"), by and through their respective counsel.

This Stipulation is intended by the Parties to fully and finally compromise, resolve, discharge, dismiss, and settle the Released Claims, as defined herein, subject to the terms and conditions set forth below and final approval of the District Court.  This Stipulation is not made for the benefit of and does not affect Lead Plaintiffs' claims against any defendant named in the above-captioned action other than Quarles, including specifically Greenberg Traurig, LLP, Mayer Hoffmann McCann, P.C., CBIZ, Inc., or CBIZ MHM, LLC.

**WHEREAS:**

A.     On May 11, 2010, Lead Plaintiffs commenced the above-captioned action against Quarles and others styled *Facciola, et al., v. Greenberg Traurig, LLP, et al.,* Case No. 2:10-cv-01025-FJM (the "Facciola Litigation") in the United States District Court for the District of Arizona ("the District Court").

B.     By Order dated August 10, 2010 (Dkt. # 55), the Court appointed Lead Plaintiffs as the lead plaintiffs on behalf of putative classes of Mortgages Ltd. and Radical Bunny investors in the Facciola Litigation and also appointed Tiffany & Bosco, PA as counsel for the lead plaintiffs of the putative Mortgages Ltd. investor class and Bonnett, Fairbourn, Friedman & Balint, P.C. as counsel for the lead plaintiffs of the putative Radical Bunny investor class.

C.     By Order dated November 18, 2011 (Dkt. # 289), the District Court granted in part Lead Plaintiffs' Motion for Leave to File a First Amended Complaint (Dkt. # 290) ("the First Amended Complaint").

D.     By Order dated March 19, 2012 (Dkt. # 346), the District Court granted Lead Plaintiffs' motion for class certification, (a) certifying a class ("the ML Litigation Class") of certain persons who purchased investments sold by Mortgages Ltd., and

2

(b) certifying a class ("the RB Litigation Class") of certain persons who purchased investments sold by Radical Bunny, LLC. The District Court also appointed Tiffany & Bosco PA as class counsel for the ML Litigation Class ("ML Class Counsel") and Bonnett, Fairbourn, Friedman & Balint, P.C. as class counsel for the RB Litigation Class ("RB Class Counsel").   The ML Litigation Class and the RB Litigation Class are collectively referred to herein as the "Litigation Classes"; ML Class Counsel and RB Class Counsel are collectively referred to herein as "Class Counsel."

E.     Discovery in the Facciola Litigation, which included the exchange of millions of pages of documents and the depositions of twenty-eight fact witnesses and fourteen expert witnesses, closed on March 13, 2012, and dispositive motions were filed on April 13, 2012.

F.     Lead Plaintiffs through Class Counsel have thoroughly investigated the allegations of wrongdoing asserted in the First Amended Complaint and with the help of expert witnesses have closely analyzed (a) the alleged damages suffered by the Litigation Classes, and (b) the "self-consuming" insurance coverage available to Quarles.  Lead Plaintiffs and Class Counsel have scrutinized the facts and the applicable law with respect to the claims alleged against Quarles and the potential defenses thereto, which in Class Counsel's judgment has provided an adequate and fully informed basis for the Settlement described in this Stipulation.

**Settlement Negotiations**

G.     The Parties engaged in an extensive mediation process using an experienced and well-respected private mediator, Lawrence H. Fleischman, and they have conducted discussions and arm's length negotiations with each other with respect to a compromise and settlement of the claims asserted against Quarles in the Facciola Litigation.

**Quarles' Denials of Wrongdoing and Liability**

H.     Quarles has denied, and continues to deny, each and every claim and contention alleged against it by Lead Plaintiffs in the Facciola Litigation.  Quarles has

expressly denied, and continues to deny, all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Facciola Litigation. Quarles also has expressly denied, and continues to deny, that class certification would be appropriate if the case were litigated rather than settled.

I.      Nonetheless, Quarles has concluded that further conduct of the Facciola Litigation would be protracted and expensive, and that it is desirable that the Facciola Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation, solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing the proceedings. Quarles has thus determined that it is desirable and beneficial to it that the Facciola Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation without acknowledging any wrongdoing, fault, liability or damage to the Lead Plaintiffs or any other member of the Litigation Classes or proposed Settlement Classes (as defined below), and while maintaining the merit of the defenses Quarles asserted to the claims alleged.

**Benefits of the Settlement to the Classes**

J.      Lead Plaintiffs and Class Counsel believe that the Settlement provides fair, reasonable and adequate monetary recovery for the Settlement Classes (as defined below) based on the claims asserted, the evidence developed and the damages that might be proven by the Lead Plaintiffs and the Litigation Classes in the Facciola Litigation and the amount of insurance coverage available to Quarles.

K.      Lead Plaintiffs and Class Counsel further recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Facciola Litigation through trial and appeal. Lead Plaintiffs and Class Counsel also have considered the uncertain outcome and the risk of any litigation, including the risk that the Litigation Classes might recover nothing, especially in a complex action such as this one, as well as the difficulties and delays inherent in any such litigation. Lead Plaintiffs and

4

Class Counsel are also mindful of the inherent problems of proof and possible defenses to the Facciola Litigation and to the securities law violations asserted against Quarles and therefore believe that it is desirable that the Released Claims (as defined below) be fully and finally compromised, settled and resolved as set forth herein.  Lead Plaintiffs and Class Counsel have also considered that there are several potential coverage defenses and exclusions that may be applicable to Quarles' insurance coverage otherwise available for the claims asserted in the Facciola Litigation, which could materially affect the potential collectability of any judgment entered in the Facciola Litigation. Based upon their evaluation, Lead Plaintiffs and Class Counsel have determined that the Settlement set forth in this Stipulation is fair, reasonable and adequate and in the best interests of Lead Plaintiffs and the Litigation Classes.

**NOW THEREFORE,** without any admission or concession on the part of Lead Plaintiffs or Class Counsel regarding any lack of merit of the Facciola Litigation, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Quarles, it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, in consideration of the benefits flowing to the Parties hereto from the Settlement and subject to (1) approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and (2) the other conditions set forth herein, that the claims asserted by Lead Plaintiffs and the Litigation Classes in the Facciola Litigation and all Released Claims (as defined below) as against the Released Parties (as defined below) will be finally and fully compromised, settled, released and dismissed, on the merits and with prejudice, in the manner and upon and subject to the terms and conditions set forth herein.

<u>**Certain Definitions**</u>

1.     In addition to the definitions set forth above, the following capitalized terms used in this Settlement Stipulation will have the meanings specified below:

a.     "District Court" means the United States District Court for the

5

DB2/ 23205423.2

District of Arizona.

b.      "Effective date" means the first day following the date on which the Settlement contemplated by this Stipulation will become effective as set forth in ¶ 36 below.

c.      "Escrow Account" means the interest-bearing account established pursuant to ¶¶ 7&8 herein.

d.      "Escrow Agent" will mean Rust Consulting, Inc. or its designate.

e.      "Final Approval" means the expiration of the time for appeal or review of the Judgment (defined below) by the District Court in the Facciola Litigation approving (i) the Settlement and (ii) the release of the Released Claims as to the Released Parties as fair, adequate and reasonable, and dismissing the claims of the Lead Plaintiffs and the Settlement Classes against Quarles, with prejudice; or, if a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) is filed or if any appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired; or, in the event that the District Court enters Judgment in a form other than that attached hereto as Exhibit C ("Alternative Judgment") and none of the Parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired.

f.      "Final Approval Hearing" means the final hearing to be held by the District Court to determine: (1) whether the proposed Settlement should be approved as fair, reasonable and adequate; (2) whether all Released Claims should be dismissed with prejudice; (3) whether an order approving the Settlement should be entered; and (4) whether the Plan of Allocation of the Settlement Fund should be approved.

g.      "Judgment" means the final judgment and order, substantially in the

DB2/ 23205423.2

form attached hereto as Exhibit C, or such other substantially similar form agreed to by the Parties, to be entered finally approving the Settlement and dismissing the Facciola Litigation against the Released Parties on the merits with prejudice.

h.      "Mailed Notice" means the "Notice of Proposed Settlement of Class Action and Final Approval Hearing" substantially in the form attached hereto as Exhibit B.

i.      "Mortgages Ltd." or "ML" means Mortgages Ltd., and "Mortgages Ltd. Securities" means Mortgages Ltd. Securities, L.L.C.

j.      "Net Settlement Fund" will have the meaning set forth in ¶ 9 herein.

k.      "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and Lead Plaintiffs' Counsel in connection with (i) providing notice to the Classes; and (ii) administering the Claims process as well as the costs, fees and expenses incurred in connection with the Escrow Account, provided however, that the Notice and Administration Costs will not include any litigation expenses or any attorneys' fees awarded by the Court.

l.      "Person" and "Persons" means any individual, corporation, partnership, limited liability partnership, limited liability company, association, affiliate, joint stock company, estate, trust, trustee, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity, any legal representative, and their spouses, heirs, predecessors, successors, representatives, agents, members, managers, or assignees.

m.      "Plan of Allocation" means the separate plan for allocating the Net Settlement Fund to Settlement Classes Members after payment of the Notice and Administration Costs, Taxes and Tax Expenses and such attorneys' fees, costs and expenses as may be approved by the District Court.   The Plan of Allocation is not part of the Stipulation, and Quarles and the other Released Parties will have no liability with respect thereto.

7

n.      "Preliminary Approval Order" means the Proposed Order Preliminarily Approving Settlement and Providing for Notice that Lead RB Plaintiffs and Quarles will seek from the District Court, substantially in the form attached as Exhibit A.

o.      "Quarles's Counsel" will mean the law firms of Morgan, Lewis & Bockius LLP and Steptoe & Johnson, LLP.

p.      "Radical Bunny" or "RB" means Radical Bunny, LLC.

q.      "RB Liquidation" means RB Liquidation, LLC, a successor to Radical Bunny, LLC.

r.      "Released Claims" means any and all claims, debts, demands, rights, liabilities and causes of action, of every nature and description, known or Unknown (as defined in ¶ 1bb), whether based on federal, state, local or foreign statutory law or common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, including, but not limited to, any and all claims that Lead Plaintiffs or any Settlement Classes Member has asserted against Quarles in the Facciola Litigation, or could have asserted against Quarles in the Facciola Litigation, or in any forum, that arise out of, are based upon or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the First Amended Complaint or that arise out of, are based upon or are related to (i) investments in Mortgages Ltd. (or the limited liability companies it managed) or Radical Bunny, (ii) the purchase or other acquisition of interests in deeds of trust issued to Mortgages Ltd., (iii) the purchase of investments, securities or beneficial interests in securities from or issued by Mortgages Ltd. (or the limited liability companies it managed), Mortgages Ltd. Securities or Radical Bunny, (iv) the purchase or other acquisition of interests in loans by Radical Bunny to Mortgages Ltd., or (v) the representation of Radical Bunny by Quarles; provided, however, that nothing contained in this definition of Released Claims will release, discharge or impair any rights or claims

8

that Lead Plaintiffs or any Settlement Classes Member may have as a creditor under the plans of reorganization approved in the ML or RB bankruptcy proceedings, except as against any of the Released Parties.

s.    "Released Parties" means Quarles and its current, former, or future parents, subsidiaries, affiliates, partners, of counsel, associates, joint venturers, officers, directors, principals, shareholders, members, member entities, predecessors, successors, employees, attorneys, accountants, advisors, insurers, reinsurers, agents (acting in their capacity as agents), servants, administrators, executors, representatives, trustees, vendors, and assigns, and any other individual or entity which is related to or affiliated with Quarles or its current, former, and future legal representatives, successors in interest or assigns, individually, jointly and severally. "Released Parties" specifically does not include Greenberg Traurig, LLP, Mayer Hoffmann McCann, P.C., CBIZ, Inc., CBIZ MHM, LLC or any other named defendant in the Facciola Litigation.

t.    "Settlement" means the collective settlement terms set forth in this Stipulation.

u.    "Settlement Administrator" means Rust Consulting, Inc., the firm which Class Counsel requests be appointed by the District Court to administer the Settlement and disseminate notice of the pendency of the Facciola Litigation and the proposed Settlement to those persons who fall within the Settlement Classes, provided that Class Counsel may in its discretion perform such services in lieu of the Settlement Administrator.

v.    "Settlement Classes" means, collectively:

1.    all Persons who, during the Settlement Classes Period, (a) invested or held investments in Radical Bunny; (b) purchased (or held) through Radical Bunny interests in loans by Radical Bunny to Mortgages Ltd.; (c) purchased (or held) through Radical Bunny interests in deeds of trust issued to Mortgages Ltd.; or (d) purchased

9

or held investments, securities, or beneficial interests in securities from or issued by Radical Bunny ("the RB Settlement Class"); and

2.     all Persons who, during the Settlement Classes Period, (a) invested or held investments in Mortgages Ltd. (or the limited liability companies it managed); (b) purchased, acquired, or held interests in deeds of trust issued to Mortgages Ltd.; or (c) purchased or held investments, securities, or beneficial interests in securities from or issued by Mortgages Ltd. (or the limited liability companies it managed) or Mortgages Ltd. Securities ("the ML Settlement Class").

Excluded from the definition of "Settlement Classes" in the foregoing (1) and (2) are all of the following:

(i)     Mortgages Ltd., Mortgages Ltd. Securities, Radical Bunny, and each of their officers, directors, managers, owners, shareholders, employees, affiliates, agents, legal representatives, predecessors, successors, and assigns;

(ii)     Scott Coles, Ashley Coles, and their children, heirs, family trusts, and estates;

(iii)    the entities named at any time as defendants in the Facciola Litigation (Greenberg Traurig, LLP, Quarles & Brady LLP, CBIZ, Inc., CBIZ MHM, LLC, and Mayer Hoffman McCann, P.C.);

(iv)    the individuals named at any time as defendants in the Facciola Litigation (Michael M. Denning, Donna J. Denning, Todd S. Brown, Cynthia D. Brown, Christopher J. Olson, Rachel L. Schwartz-Olson, Jeffrey A. Newman, Kathleen N. Newman, Tom Hirsch, Diane Rose Hirsch, Howard E. Walder, Berta F. Walder, Harish P. Shah, and Madhavi H. Shah), and each of their spouses, family trusts, and estates; and

(v)     all Persons who are presently named as plaintiffs or who have purported to assign claims to Person(s) named as plaintiffs in the following

DB2/ 23205423.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

three separate actions in which claims have threatened to be asserted against Quarles and/or are subject to tolling agreements with Quarles: (1) *Roger Ashkenazi, et al. v. Greenberg Traurig LLP, et al.*, No. CV2010-020851 (Ariz. Super. Ct.), (2) *Mary Marsh, et al. v. Greenberg Traurig LLP*, et al., No. CV2010-097769 (Ariz. Super. Ct.), and (3) *Victims Recovery, LLC v. Greenberg Traurig LLP, et al.*, No CV2010-052188 (Ariz. Super. Ct.).

w.     "Settlement Classes Members" means Persons (a) who fall within the definition of the Settlement Classes in ¶ 1v and (b) who do not timely and properly request to be excluded from the Settlement Classes.

x.     "Settlement Classes Period" will mean the time from September 1, 2005 through June 3, 2008.

y.     "Settlement Fund" means the gross amount of $26,505,600.00 million that Quarles is obligated to pay in accordance with ¶7, plus the Westchester D&O Insurance Proceeds Lead Plaintiffs are obligated to pay in accordance with ¶ 8.

z.      "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

aa.     "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and expenses relating to the filing or failure to file all necessary or advisable tax returns).

bb.     "Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any Settlement Classes Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiffs will expressly, and each Settlement Classes Member will be deemed to have, and by operation of the Judgment will have expressly, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or

11

principle of common law or foreign law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs and Quarles acknowledge, and Settlement Classes Members by operation of law will be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

cc.    "Westchester D&O Insurance Proceeds" means the pre-certification sums recovered by Lead Plaintiffs from Mortgages Ltd.'s D&O insurance carrier in the amount of $1,423,948.47, currently held in escrow by Class Counsel.

## **MUTUAL RELEASE OF CLAIMS**

2.    The obligations incurred pursuant to this Stipulation will be in full and final disposition of the Facciola Litigation as against the Released Parties and will fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss, on the merits and with prejudice, the Facciola Litigation and any and all Released Claims against the Released Parties.

3.    Pursuant to the Judgment, without further action by anyone, upon the Effective Date of this Settlement, Lead Plaintiffs will have, and each of the Settlement Classes Members will be deemed to have, and by operation of law and of the Judgment will have, on behalf of themselves, their current and former spouses, heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, past and present successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, employees, members, managers, trustees, agents, representatives, attorneys, insurers and assigns, and any person they represent or that acts by, through, under, or in concert with

12

them, or any of them, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed the Released Parties of and from the Released Claims, with prejudice and on the merits, without costs to any party, whether or not such Settlement Classes Member receives actual notice of the Settlement prior to the final approval of the Settlement, or receives a distribution from the Net Settlement Fund, except for claims to enforce the Settlement.

4.      Upon the Effective Date, Lead Plaintiffs and all Settlement Classes Members, on behalf of themselves, their current and former spouses, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, past and present successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, employees, members, managers, trustees, agents, representatives, attorneys, insurers and assigns, and any person they represent or that acts by, through, under, or in concert with them, or any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims, and expressly covenant not to assert any such Released Claim as against any of the Released Parties, except for claims to enforce the Settlement.

5.      Upon the Effective Date of this Settlement, Quarles on behalf of itself and its partners, predecessors, successors in interest, and attorneys of record will release and will be deemed by this Settlement to have released and forever discharged Lead Plaintiffs and Class Counsel from any and all claims, known or unknown, arising out of or relating to their filing, prosecution or settlement of the Facciola Litigation, except for claims to enforce the Settlement.

## TERMS OF THE JUDGMENT

6.      If the Settlement embodied in this Stipulation is approved by the Court, Class Counsel and Quarles's Counsel will request that the Court enter a Judgment,

substantially in the form annexed hereto as Exhibit C which will, among other things, contain terms providing for a Bar Order substantially in the form set forth below, including:

(a) A contribution bar order in accordance with A.R.S. § 44-2003(K) barring and extinguishing any and all claims in any jurisdiction for contribution based upon, arising out of, or related to any Released Claim, including, but not limited to, any claim that is based upon, arises out of, or relates to the Facciola Litigation, or the transactions and occurrences referred to in the First Amended Complaint, or in any counterclaims or third-party claims by any (i) person or entity against the Released Parties, or any of them, and (ii) the Released Parties against any person or entity, other than as set forth in A.R.S. § 44-2003(K)(2); provided, however, that, if the Lead Plaintiffs, or any of them, obtain any judgment against any such person or entity based upon, arising out of, or relating to Released Claims covered by A.R.S. § 44-2003(K), that person or entity will be entitled to a judgment credit, in accordance with A.R.S. § 44-2003(K), equal to the greater of (i) an amount that corresponds to the percentage of responsibility of the Released Parties for the damages to the Lead Plaintiffs on account of the Released Claims, or (ii) the Settlement Amount.

(b) A complete bar order permanently barring and enjoining any and all Persons from commencing, prosecuting, or asserting any claim, cross-claim or third-party claim in any state or federal jurisdiction against the Released Parties, or any of them, arising under state, federal, or common law, however styled, whether for indemnification or contribution or otherwise denominated (including, without limitation, claims for breach of contract, negligence, professional liability, breach of fiduciary duty, misrepresentation, conspiracy, unjust enrichment, or aiding and abetting), where the claim constitutes, is based upon, arises out of or relates to a Released Claim. The provisions of this complete bar order are intended to preclude

14

any liability of the Released Parties to any Person for indemnification, contribution, or otherwise on any claim in which a Person seeks to recover from the Released Parties, or any of them (i) any amounts such Person is liable, or may become liable, to pay to the Lead Plaintiffs; and/or (ii) any costs, expenses, or attorneys' fees from defending any claim(s) asserted by the Lead Plaintiffs; provided, however, that if the Lead Plaintiffs obtain any judgment against any such Person based upon, arising out of, or relating to any Released Claim, that Person will be entitled to a judgment credit equal to the *greater* of (i) an amount that corresponds to the percentage of responsibility of the Released Parties for the damages to the Lead Plaintiffs on account of the Released Claims; and (ii) the Settlement Amount.

(c)    Except as provided in ¶ 6d below, a complete bar order permanently barring and enjoining the Released Parties from commencing, prosecuting, or asserting any claim, cross-claim or third-party complaint claim in any state or federal jurisdiction against any and all Persons arising under state, federal, or common law, however styled, whether for indemnification or contribution or otherwise denominated (including, without limitation, claims for breach of contract, negligence, professional liability, breach of fiduciary duty, misrepresentation, conspiracy, unjust enrichment, or aiding and abetting), where the claim constitutes, is based upon, arises out of or relates to a Released Claim. The provisions of this complete bar order are intended to preclude any liability by any Person to the Released Parties for indemnification, contribution, or otherwise on any claim in which the Released Parties, or any of them, seek to recover from any Person (i) any amounts the Released Parties are liable, or may become liable, to pay to the Lead Plaintiffs; and/or (ii) any costs, expenses, or attorneys' fees from defending any claim(s) asserted by the Lead Plaintiffs.

(d)    Nothing in this Bar Order will prevent a putative Settlement Classes

15

Member who timely and validly requested an exclusion from the Settlement Classes from pursuing any Released Claim against any Released Party. If any putative Settlement Classes Member who validly requests exclusion from the Settlement Classes pursues any such Released Claim against any Released Party, nothing in the Bar Order or in this Stipulation will operate to preclude such Released Party from asserting any claim of any kind against such putative Settlement Classes Member (or seeking contribution or indemnity from any Person, including any former or current co-defendant in the Facciola Litigation, in respect of the claim of such putative Settlement Classes Member who validly requests exclusion from the Settlement Classes).

(e)     Notwithstanding anything to the contrary in the Bar Order and this Stipulation, in the event that any Person (for purposes of this paragraph, a "petitioner") commences against any of the Released Parties any action asserting a claim that is based upon, arises out of, or relates to any Released Claim belonging to the Settlement Classes or a Settlement Classes Member and such claim is not barred by a court pursuant to ¶ 6 or is not otherwise barred by the Bar Order, the Bar Order will not bar claims by that Released Party against (i) such petitioner; (ii) any Person who is or was controlled by, controlling or under common control with the petitioner, or whose assets or estate are or were controlled, represented or administered by the petitioner, or as to whose claims the petitioner has succeeded; and (iii) any Person that participated with any of the Persons described in items (i) and (ii) of this provision in connection with the conduct, transactions or occurrences that are the subject of the claim brought against the Released Party(s). Nothing in this paragraph will be deemed to create a claim or cause of action against a petitioner or any other Person described in this paragraph.

If any provision of this Bar Order is subsequently held to be unenforceable, the Parties will propose to the Court alternative terms so as to afford all of the Released Parties the

DB2/ 23205423.2

1
2
fullest protection permitted by law and consistent with any concerns expressed by the
Court.

3
### THE SETTLEMENT CONSIDERATION

4
5
6
7
8
9
10
11
12
7.      In full and complete settlement of the Released Claims, Quarles will pay, or cause to be paid, the following amounts (collectively, the "Settlement Amount"): (a) $100,000.00, no later than ten (10) business days following the date of the entry of the Preliminary Approval Order into the Escrow Account established for the Settlement Fund, for use by the Settlement Administrator or the Escrow Agent to pay the costs of providing notice to the Settlement Classes Members and otherwise administering the Settlement on behalf of the Settlement Classes; and (b) $26,405,600.00 on or before thirty (30) calendar days following the date of the entry of the Preliminary Approval Order into the Escrow Account established for the Settlement Fund.

13
14
15
8.      No later than ten (10) business days following the date of the entry of the Preliminary Approval Order, Lead Plaintiffs will pay the Westchester D&O Insurance Proceeds into the Escrow Account established for the Settlement Fund.

16
17
18
19
20
21
22
23
24
25
9.      The Settlement Fund, net of any Taxes and Tax Expenses, will be used to pay (1) the Notice and Administration Costs, (2) the approved attorneys' fees and expenses referred to in ¶¶ 16-19, and (3) the remaining administration expenses referred to in ¶¶ 9 & 11.  The balance of the Settlement Fund after the above payments constitutes the "Net Settlement Fund," which will be distributed to the Settlement Classes Members as provided in the Plan of Allocation.  All costs and expenses incurred by or on behalf of the Lead Plaintiffs and the Settlement Classes associated with the Settlement and approved by the District Court will be paid from the Settlement Fund; in no event will any of the Released Parties bear any further or additional responsibility for any such costs or expenses beyond payment of the Settlement Amount.

26
27
28
10.      All funds held by the Escrow Agent will be deemed to be in the custody of the District Court and such funds will remain subject to the jurisdiction of the District

Court until such time as the funds will be distributed to the Settlement Classes Members or returned to Quarles pursuant to this Stipulation and/or further order of the District Court.  The Escrow Agent will hold the funds in an interest-bearing bank account insured by the FDIC and/or United States Agency or Treasury securities or obligations.  Quarles will not be liable for the loss of any portion of the Settlement Fund after payment into the Escrow Account.

11.    Upon written agreement of the Parties, or by order of the District Court, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Fund.  The Escrow Agent will not disburse funds from the Notice and Administration Fund except as provided in this Stipulation, by an order of the District Court, or with the written agreement of counsel for all Parties.

12.    Upon the payment of the Settlement Fund, the Parties agree to treat the Settlement Fund as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and the Settlement Administrator will be responsible for timely making such elections as are necessary or advisable to carry out the provisions of this paragraph, including but not limited to the relation-back election (as defined in Treasury Reg. § 1.468B-1) to the earliest permitted date.  Such elections will comply with the procedures and requirements contained in such Regulations.  Additionally, it will be the responsibility of the Settlement Administrator to prepare and deliver the necessary documentation for signature by all necessary Parties, and thereafter to cause the appropriate filing(s) to occur.  The Settlement Administrator and Class Counsel, as required, will do all things that are necessary or advisable to carry out the provisions of this paragraph and Quarles will reasonably cooperate with the Settlement Administrator and Class Counsel to carry out the provisions of this paragraph.

13.    All Taxes (including any interest or penalties) arising with respect to the income earned by the Settlement Fund after payment into the Escrow Account, including any Taxes or Tax detriments that may be imposed upon Quarles with respect to any

18

income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" (limited by the amount of simple interest earned on the Settlement Fund at the LIBOR  and not any higher interest rate that Quarles may earn on the Settlement Fund) for Federal or state income tax purposes and all Tax Expenses will be considered to be a cost of administration of the Settlement and will be paid out of the Settlement Fund. The Released Parties will not have any liability or responsibility for any such Taxes or Tax Expenses. The Settlement Administrator will indemnify and hold each of the Released Parties harmless for any liability or obligation whatsoever relating to the administration of the Settlement Fund, the distribution of the Net Settlement Fund or implementation of the Plan of Allocation.   The Settlement Administrator, or its agents, will timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treas. Reg. § 1.468B-2(k), and to the extent applicable, Treas. Reg. § 1.468B-2(l). Such returns will be consistent with the terms hereof and in all events will reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund will be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph.  The Settlement Administrator, or its agents, will also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the District Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses.  The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Stipulation.

14.     This is not a claims-made settlement.  As of the Effective Date, Quarles will have no right to the return of the Settlement Fund or any portion thereof.   Any undistributed money from the Settlement Fund that cannot be distributed cost effectively

to the Settlement Classes Members will be donated to one or more non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Lead Plaintiffs and approved by the District Court.

15.     The finality of the Settlement will not be conditioned on any ruling by the District Court concerning the Plan of Allocation or the approval of attorneys' fees and expenses to Class Counsel or counsel for RB Liquidation. Any order or proceeding relating to a request for approval of the Plan of Allocation, or of attorneys' fees and expenses or any appeal from any order relating thereto or reversal or modification thereof, will not operate to delay or terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Released Claims.  There will be no distribution of any of the Net Settlement Fund to any Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

## ATTORNEYS' FEES AND EXPENSES

16.     Class Counsel will apply to the District Court for attorneys' fees in the amount of 15% of the Settlement Fund, plus reimbursement of unreimbursed litigation expenses.  Counsel for RB Liquidation will apply to the District Court for attorneys' fees and expenses in the amount of $704,000.00.  Such amounts as are approved by the District Court will be payable from the Settlement Fund pursuant to ¶¶ 9 & 21.

17.     Quarles and the other Released Parties will have no responsibility or liability for, and will take no position with respect to, any application for attorneys' fees or expenses, or the allocation of fees and expenses that the District Court may approve in this action.   In addition, Quarles will take no position as to the proposed Plan of Allocation for the Settlement Fund.

18.     The procedure for and amounts of attorneys' fees and expenses, and the

20

allowance or disallowance by the District Court thereof, are not a condition of the Settlement.  Class Counsel and counsel for RB Liquidation will request that their application for attorneys' fees and expenses be considered by the District Court at the Final Approval Hearing separately from the District Court's consideration of the fairness and adequacy of the Settlement.  Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to delay or terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Released Claims.  The finality of the Settlement will not be conditioned on any ruling by the District Court concerning any application for attorneys' fees and expenses.

19.    Except as otherwise provided in this paragraph, the attorneys' fees and expenses approved by the District Court will be paid from the Settlement Fund within five (5) business days of the date the District Court enters an order approving such fees and expenses.  In the event that the Effective Date does not occur, or the Judgment is reversed or modified in any way that affects attorney fees and expenses, or the Settlement Stipulation is terminated for any other reason, then each counsel receiving fees or expenses under this provision will, within ten (10) business days from receiving notice from Quarles's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund either the full amount of the fees and expenses previously received by it pursuant to these provisions (in the event the Judgment is reversed) or an amount consistent with any modification of the Judgment with respect to attorneys' fees and expenses.  Class Counsel and counsel for RB Liquidation agree that they and their shareholders are subject to jurisdiction of the District Court for the purpose of enforcing the provisions of this paragraph.

### DISTRIBUTION TO SETTLEMENT CLASSES MEMBERS AND ADMINISTRATION OF SETTLEMENT

20.    Class Counsel or the Settlement Administrator, subject to the approval of the District Court, will oversee implementation of the Plan of Allocation and distribution

21

of the Settlement Fund and perform all calculations, determinations and claims administration procedures necessary or appropriate in connection therewith.

21.     The Settlement Fund will be applied as follows:

    i.     To pay all Notice and Administration Costs incurred;

    ii.    To pay Taxes and Tax Expenses owed by the Settlement Fund;

    iii.   Subject to the approval and further order(s) of the District Court, for payment of all attorneys' fees and expense reimbursement as may be approved by the District Court to Class Counsel and counsel for RB Liquidation;

    iv.    Subject to the approval and further order(s) of the District Court, and upon the Effective Date, to distribute the Net Settlement Fund to the Settlement Classes Members pursuant to the Plan of Allocation.

22.     Each Settlement Classes Member will be deemed to have submitted to the jurisdiction of the District Court with respect to his, her or its share of the Net Settlement Fund. All determinations and distributions of the Net Settlement Fund by the Settlement Administrator in accordance with the Plan of Allocation are final, binding and non-appealable.

23.     Regardless of the amount of the distribution received from the Settlement Fund, if any, each Settlement Classes Member will remain bound by all of the terms of this Stipulation, including the terms of the Judgment, if applicable, to be entered in the Facciola Litigation and the applicable Releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Parties asserting any Released Claims in the event that the Effective Date occurs.

24.     Neither Quarles nor any other Released Party will have any liability, obligation or responsibility whatsoever for the administration of either of the Settlement Fund or disbursement of the Net Settlement Fund.

22

25.     No Settlement Classes Member will have any claim against Class Counsel, Lead Plaintiffs, any of the Released Parties or their counsel, the Escrow Agent, the Settlement Administrator or any employees or agents of any of the foregoing, based on the distributions made substantially in accordance with this Stipulation or as otherwise approved or directed by the District Court.  Payment pursuant to this Stipulation will be deemed final and conclusive against all Settlement Classes Members.

26.     All proceedings with respect to the administration, processing and distribution of the Settlement Fund, the determination of the amounts due to Settlement Classes Members under the Plan of Allocation and the determination of all controversies relating thereto, are subject to the jurisdiction of the District Court.

27.     The Net Settlement Fund will not be distributed by the Settlement Administrator until after the Effective Date.

28.     Following distribution of the Net Settlement Fund, the Settlement Administrator will maintain its records for three years after the Effective Date.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASSES

29.     Each member of the Settlement Classes will be bound by all determinations and judgments in the Facciola Litigation concerning the Settlement unless such person sends to the Settlement Administrator, by first class mail or  email, a written request for exclusion from the relevant Settlement Class(es).  In order to be valid, the request for exclusion must (1) be postmarked or emailed within 45 days of mailed notice by the Settlement Administrator, and (2) state all of the following: (a) the name, address and telephone number of the person requesting exclusion; (b) the identity of the Mortgages Ltd. and/or Radical Bunny investments purchased (or otherwise acquired); (c) the face value of the investment still held as of June 3, 2008; (d) the price or other consideration paid for such investments; (e) the date of each purchase; and (f) a clear and unequivocal statement that the person wishes to be excluded from the relevant Settlement Class(es). The failure of any Settlement Classes Member to provide complete or accurate

23

information called for by sub-paragraphs 2(b) or 2(d)-(e) will not invalidate the Request for Exclusion. All persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph will have no rights under this Stipulation, will not share in the distribution of the Net Settlement Fund, and will not be bound by the Stipulation or the Judgment.

30.     The Settlement Administrator will scan and email copies of each Request for Exclusion in PDF format (or such other format as may be agreed) to Quarles's Counsel and to Class Counsel expeditiously (and not more than five (5) business days) after the Settlement Administrator receives such a request.  As part of the motion papers in support of the Settlement of the Action, the Settlement Administrator or Class Counsel will cause to be provided a list of all the persons who have requested exclusion from the Settlement Classes, and will cause to be certified that all Requests for Exclusion received by the Claims Administrator have been copied and provided to Quarles's Counsel no later than fourteen (14) calendar days prior to the Final Approval Hearing.

**PRELIMINARY APPROVAL ORDER**

31.     On or before June 4, 2012, Class Counsel will file the Stipulation and its Exhibits with the District Court and will apply for entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A.

**NOTICE UNDER CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA NOTICE")**

32.     Quarles's Counsel will send CAFA Notice in accordance with 28 U.S.C. § 1715(a), not later than ten (10) days after the Stipulation and its Exhibits are filed with the District Court.

33.     On or before June 4, 2012, Class Counsel will provide Quarles's Counsel a list of every state in which a putative Settlement Classes Member resides, so that Quarles may send CAFA Notice in accordance with 28 U.S.C. § 1715(a).

**JUDGMENT**

34.     If the Settlement contemplated by this Stipulation is approved by the District Court, Class Counsel and Quarles's Counsel will jointly request that the District

Court enter a Judgment substantially in the form annexed hereto as Exhibit C.

### QUARLES'S OPTION TO TERMINATE SETTLEMENT

35.     Quarles has the option to terminate this Stipulation no fewer than 10 days before the Final Approval Hearing if putative Settlement Classes Member(s) whose investments exceed a specified aggregate amount, as determined by the face value of the investment still held as of June 3, 2008, file valid and timely Requests for Exclusion, as further set forth in a confidential "Supplemental Agreement" executed by the Parties simultaneously herewith. The Supplemental Agreement will not be filed with the District Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the District Court, under seal, if so requested by the District Court, or if a dispute arises among the Parties concerning the Supplemental Agreement's interpretation or application.   The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.  In the event the Settlement and this Stipulation are terminated pursuant to this paragraph, this Stipulation will become null and void and of no further force and effect, except that the provisions of ¶¶ 38 and 39 will survive termination.

### EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

36.     The Effective Date of Settlement will be deemed to occur on the occurrence or waiver, as applicable, of all of the following events:

      i.     entry of the Preliminary Approval Order;

     ii.     Quarles has not exercised its option to terminate its participation in this Stipulation pursuant to the provisions of this Stipulation (including the Supplemental Agreement);

    iii.     approval by the District Court of the Settlement and certification of the Settlement Classes following class notice and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure and entry of Judgment;

DB2/ 23205423.2

   iv. the Judgment has reached Final Approval, as defined above; and

   v. payment by Lead Plaintiffs and Quarles of $27,929,548.47 million into the Settlement Fund as set forth in ¶¶ 7 & 8.

  37. Quarles or Lead Plaintiffs will have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other within seven (7) days of the date on which: (1) the District Court declines to enter the Preliminary Approval Order; (2) the District Court refuses to approve this Settlement or any material part of it, provided, however, that the allowance or disallowance by the Court of any application for attorneys' fees and expenses will not be material; (3) the District Court declines to enter the Order and Final Judgment; (4) the Order and Final Judgment is vacated, modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; (5) an Alternative Judgment is vacated, modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (6) the Effective Date of Settlement otherwise does not occur, except that (i) if such Effective Date does not occur as a result of the failure of Quarles to pay the $26,505,600.00 into the Settlement Fund as required by ¶ 7 , Quarles may not terminate the Settlement, and (ii) if such Effective Date does not occur as a result of the failure of Lead Plaintiffs to pay the $1,423,948.47 into the Settlement Fund as required by ¶ 8, Lead Plaintiffs may not terminate the Settlement.  Neither a modification nor a reversal on appeal of any ruling on attorneys' fees, costs and expenses by the Court to Class Counsel will be deemed a material modification of the Judgment or this Stipulation.  Quarles may also terminate the Settlement and this Stipulation pursuant to ¶35.  In the event the Settlement and this Stipulation are terminated, the provisions of ¶¶ 38 and 39 will survive termination.

  38. In the event the Settlement and this Stipulation are terminated or if the Effective Date fails to occur for any reason, the Parties to this Stipulation will be deemed

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to have reverted *nunc pro tunc* to their respective status in the Facciola Litigation as of the date and time immediately prior to the execution of this Stipulation and, except otherwise expressly provided, the Parties will proceed in all respects as if this Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact or terms of the Settlement or this Stipulation.  This Stipulation may not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation will be treated as vacated, *nunc pro tunc*.

39.     In the event this Settlement and this Stipulation are terminated or if the Effective Date fails to occur for any reason, then within ten (10) business days after written notice is sent by Class Counsel or Quarles's Counsel, Class Counsel will (a) refund to the Settlement Fund the portion of the Notice and Administration Costs not already incurred or paid from the Settlement Fund, and (b) if the termination is for reasons other than termination by Quarles (including under ¶ 35), reimburse the Settlement Fund with an amount equal to one-half of the portion of the Notice and Administration Costs already incurred or paid from the Settlement Fund; the balance of the Settlement Fund (including any interest actually accrued thereon) thereafter will be refunded to Quarles.

## NO ADMISSION OF WRONGDOING

40.     Whether or not Settlement in this Stipulation is approved by the Court, and whether or not it is consummated, the fact and terms of this Stipulation, including Exhibits, all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

    i.    may not be construed, offered or received against Quarles or any other Released Party, as evidence of, or construed as, or be deemed to be evidence of, any presumption, concession or admission with respect to the truth of any fact alleged by Lead Plaintiffs or the validity, or lack thereof, of any claim that had been or could have been asserted in the Facciola Litigation or in any

litigation, or the deficiency of any defense that has been or could have been asserted in the Facciola Litigation or in any litigation, or of any liability, fault or wrongdoing of Quarles or other Released Parties; and

    ii.    may not be construed, offered or received against Lead Plaintiffs or the Litigation Classes or any of them as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission that any of their claims are or were without merit or that damages recoverable under the First Amended Complaint would not have exceeded the Settlement Fund.

    41.    This Settlement and Stipulation may be pleaded as a full and complete defense by any of the Released Parties to any action, suit or other proceeding that may be instituted, prosecuted or attempted with respect to any of the Released Claims. The Released Parties may offer the Stipulation or Order and Final Judgment from the Facciola Litigation in any other action that may be brought against them by any Settlement Classes Member or any Person who may be subject to the Complete Bar Order in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any similar defense or counterclaim.

## MISCELLANEOUS PROVISIONS

    42.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

    43.    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation will prevail.

    44.    This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Parties hereto or their successors-in-interest.

    45.    The Parties to this Stipulation intend the Settlement to be a final and

DB2/ 23205423.2

complete resolution of all disputes asserted or which could be asserted by the Lead Plaintiffs and the Settlement Classes Members against any of the Released Parties with respect to the Released Claims. Accordingly, the Judgment will contain a finding that at all times each of the Parties and his, her, its, or their counsel has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense and settlement of the Action.  Lead Plaintiffs and Quarles further agree not to make any public statements that contradict such position.

46.    The Parties to this Settlement Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

47.    The waiver by one Party of any breach of this Stipulation by any other Party will not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.    This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among these Parties with respect to the Settlement and supersede all prior and/or contemporaneous arrangements, oral and/or written agreements and/or discussions or negotiations between or among the Parties or their agents or attorneys (including, without limitation, the Memorandum of Understanding entered into between the Parties, among others, on May 10, 2012) with respect thereto.  No promise, representation or warranty by any Party, or attorney or agent of any Party, regarding the Settlement that is not expressly contained or referred to in this Stipulation, its exhibits and the Supplemental Agreement will be valid or binding on that Party.  The Parties have included this paragraph to preclude the introduction of parole evidence to vary, interpret, supplement or contradict the terms of this Stipulation.

49.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail.  All executed counterparts and each of them will be deemed to be one and the

29

same instrument.

50.     The Parties and their respective counsel agree that they will use their best efforts to obtain all necessary approvals of the District Court required by this Settlement and this Stipulation.

51.     Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of each of their respective clients.

52.     This Settlement and Stipulation will be binding upon and will inure to the benefit of the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize. No assignment will relieve any Party hereto of obligations hereunder.

53.     Notices required by this Settlement Stipulation will be submitted both (1) by email and (2) either by (a) any form of overnight mail or (b) in person to:

> Andrew S. Friedman
> BONNETT, FAIRBOURN, FRIEDMAN
>      & BALINT, P.C.
> 2901 N. Central Avenue, Suite 1000
> Phoenix, AZ 85012
> afriedman@bffb.com
> *Attorneys for Judith A. Baker; the Fred C. Hagel and*
> *Jacqueline M. Hagel Revocable Living Trust Dated*
> *March 15, 1995; and the RB Litigation Class*

> Richard G. Himelrick
> TIFFANY & BOSCO, PA
> Third Floor Camelback Esplanade II
> 2525 East Camelback Road
> Phoenix, Arizona 85016-4237
> RGH@tblaw.com
> *Attorneys for Robert Facciola; The Robert Maurice*
> *Facciola Trust Dated December 2, 1994; Honeylou C. Reznik;*
> *The Morris Reznik and Honeylou C. Reznik Trust; Jewel Box*
> *Loan Company, Inc.; Jewel Box, Inc.; H-M Investments, LLC; and*
> *the ML Litigation Class*

Robert E. Gooding, Jr.
Scott B. Garner
Shawn M. Kennedy
MORGAN, LEWIS & BOCKIUS, LLP
5 Park Plaza, Suite 1750
Irvine, California 92614
rgooding@morganlewis.com
sgarner@morganlewis.com
skennedy@morganlewis.com
*Attorneys for Quarles*

Notice will be deemed effective upon sending the notice as described in this paragraph.

54.    The administration, consummation and enforcement of the Settlement as embodied in this Stipulation will be under the authority of the District Court, and the Parties intend that the District Court retain jurisdiction for the purpose of entering orders, providing for approval of attorneys' fees and expenses to Class Counsel, and enforcing the terms of this Settlement and this Stipulation.

55.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, will be governed by the internal laws of the State of Arizona without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

56.    This Stipulation will not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Settlement Stipulation.

Respectfully Submitted,

/ / /

/ / /

/ / /

/ / /

/ / /

31

1    Dated: June 4, 2012                    BONNETT, FAIRBOURN, FRIEDMAN &
                                             BALINT, P.C.
2

3                                            By  /s/ Andrew S. Friedman
4                                                ANDREW S. FRIEDMAN
                                                 *Attorneys for Lead Plaintiffs Fred C.*
5                                                *Hagel and Jacqueline M. Hagel*
                                                 *Revocable Living Trust Dated March*
6                                                *15, 1995; Judith A. Baker*

7    Dated: June 4, 2012                    TIFFANY & BOSCO, P.A.

8

9                                            By /s/ Richard G. Himelrick (with permission)
                                                 RICHARD G. HIMELRICK
10                                               *Attorneys for Lead Plaintiffs Robert*
                                                 *Facciola; The Robert Maurice Facciola*
11                                               *Trust Dated December 2, 1994;*
                                                 *Honeylou C. Reznik; The Morris Reznik*
12                                               *and Honeylou C. Reznik Trust;*
                                                 *Jewel Box Loan Company, Inc.; Jewel*
13                                               *Box, Inc.; H-M Investments, LLC*

     Dated: June 4, 2012                    MORGAN, LEWIS & BOCKIUS LLP
14

15                                           By  /s/ Robert E. Gooding (with permission)
16                                               ROBERT E. GOODING
                                                 *Attorneys for Defendant*
17                                               *Quarles & Brady LLP*

18

19

20

21

22

23

24

25

26

27

28

                                     32

DB2/ 23205423.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  s/ Nancy A. Serden

DB2/ 23205423.1