1

2   Andrew S. Friedman (005425)
    **Bonnett, Fairbourn, Friedman & Balint, P.C.**
3   2901 N. Central Avenue. Suite 1000
    Phoenix, Arizona 85012
4   Telephone: (602) 274-1100
    Facsimile: (602) 274-1199
5   afriedman@bffb.com
6   *Attorneys for Plaintiffs Fred C. Hagel and Jacqueline M. Hagel*
    *Revocable Living Trust Dated March 15, 1995; Judith A. Baker*

7

8   Richard G. Himelrick (004738)
    J. James Christian (023614)
9   **Tiffany & Bosco, P.A.**
    Third Floor Camelback Esplanade II
10  2525 East Camelback Road
    Phoenix, Arizona 85016-4237
11  Telephone: (602) 255-6000
    Facsimile:   (602) 255-0103
12  rgh@tblaw.com; jjc@tblaw.com
13  *Attorneys for Plaintiffs Robert Facciola; The Robert Maurice*
    *Facciola Trust Dated December 2, 1994; Honeylou C. Reznik;*
14  *The Morris Reznik and Honeylou C. Reznik Trust; Jewel Box*
15  *Loan Company, Inc.; Jewel Box, Inc.; H-M Investments, LLC*

16

17                  UNITED STATES DISTRICT COURT

18                       DISTRICT OF ARIZONA

19

20  ROBERT FACCIOLA, et al.,              Case No. 2:10-cv-01025-FJM

21                    Plaintiffs,

22            vs.                         **STIPULATION OF SETTLEMENT
                                          BETWEEN LEAD PLAINTIFFS
23  GREENBERG TRAURIG, LLP, a New         AND DEFENDANT GREENBERG
    York limited liability partnership, et al.,   TRAURIG, LLP**
24
                      Defendants.
25

26

27          This stipulation of settlement dated June 20, 2012 ("Stipulation") is submitted

28  pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of

                                          1

the District Court, this Stipulation is entered into by Class Representatives-Lead Plaintiffs Robert Facciola, the Robert Maurice Facciola Trust Dated December 2, 1994, Honeylou C. Reznik, The Morris Reznik and Honeylou C. Reznik Trust, Jewel Box Loan Company, Inc., Jewel Box, Inc., H-M Investments LLC, Judith A. Baker and the Fred C. Hagel and Jacqueline M. Hagel Revocable Living Trust Dated March 15, 1995 (collectively, "Lead Plaintiffs"), on behalf of themselves and the proposed Settlement Classes (defined below), and by Defendant Greenberg Traurig, LLP ("Greenberg" and, together with Lead Plaintiffs, the "Parties"), by and through their respective counsel.

This Stipulation is intended by the Parties to fully and finally compromise, resolve, discharge, dismiss, and settle the Released Claims, as defined herein, subject to the terms and conditions set forth below and final approval of the District Court.  This Stipulation is not made for the benefit of and does not affect Lead Plaintiffs' claims against any defendant named in the above-captioned action other than Greenberg, including specifically Quarles & Brady, LLP, Mayer Hoffmann McCann, P.C., CBIZ, Inc., or CBIZ MHM, LLC.

**WHEREAS:**

A.     On May 11, 2010, Lead Plaintiffs commenced the above-captioned action against Greenberg and others styled *Facciola, et al., v. Greenberg Traurig, LLP, et al.,* Case No. 2:10-cv-01025-FJM (the "Facciola Litigation") in the United States District Court for the District of Arizona ("the District Court").

B.     By Order dated August 10, 2010 (Dkt. # 55), the Court appointed Lead Plaintiffs as the lead plaintiffs on behalf of putative classes of Mortgages Ltd. and Radical Bunny investors in the Facciola Litigation and also appointed Tiffany & Bosco, PA as counsel for the lead plaintiffs of the putative Mortgages Ltd. investor class and Bonnett, Fairbourn, Friedman & Balint, P.C. as counsel for the lead plaintiffs of the putative Radical Bunny investor class.

C.     By Order dated November 18, 2011 (Dkt. # 289), the District Court granted

2

in part Lead Plaintiffs' Motion for Leave to File a First Amended Complaint (Dkt. # 290) ("the First Amended Complaint").

D.     By Order dated March 19, 2012 (Dkt. # 346), the District Court granted Lead Plaintiffs' motion for class certification, (a) certifying a class ("the ML Litigation Class") of certain persons who purchased investments sold by Mortgages Ltd., and (b) certifying a class ("the RB Litigation Class") of certain persons who purchased investments sold by Radical Bunny, LLC.  The District Court also appointed Tiffany & Bosco PA as class counsel for the ML Litigation Class ("ML Class Counsel") and Bonnett, Fairbourn, Friedman & Balint, P.C. as class counsel for the RB Litigation Class ("RB Class Counsel").   The ML Litigation Class and the RB Litigation Class are collectively referred to herein as the "Litigation Classes"; ML Class Counsel and RB Class Counsel are collectively referred to herein as "Class Counsel."

E.     Discovery in the Facciola Litigation, which included the exchange of millions of pages of documents and the depositions of twenty-eight fact witnesses and fourteen expert witnesses, closed on March 13, 2012, and dispositive motions were filed on April 13, 2012.

F.     Lead Plaintiffs through Class Counsel have thoroughly investigated the allegations of wrongdoing asserted in the First Amended Complaint and with the help of expert witnesses have closely analyzed (a) the alleged damages suffered by the Litigation Classes, and (b) the "self-consuming" insurance coverage available to Greenberg.  Lead Plaintiffs and Class Counsel have scrutinized the facts and the applicable law with respect to the claims alleged against Greenberg and the potential defenses thereto, which in Class Counsel's judgment has provided an adequate and fully informed basis for the Settlement described in this Stipulation.

**Settlement Negotiations**

G.     The Parties engaged in an extensive mediation process using experienced and well-respected private mediators, David Geronemus and Lawrence H. Fleischman,

3

and they have conducted discussions and arm's length negotiations with each other with respect to a compromise and settlement of the claims asserted against Greenberg in the Facciola Litigation.

### Greenberg's Denials of Wrongdoing and Liability

H.     Greenberg has denied, and continues to deny, each and every claim and contention alleged against it by Lead Plaintiffs in the Facciola Litigation.  Greenberg has expressly denied, and continues to deny, all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Facciola Litigation.  Greenberg also has expressly denied, and continues to deny, that class certification would be appropriate if the case were litigated rather than settled.

I.     Nonetheless, Greenberg has concluded that further conduct of the Facciola Litigation would be protracted and expensive, and that it is desirable that the Facciola Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation, solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing the proceedings.  Greenberg has thus determined that it is desirable and beneficial to it that the Facciola Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation, without acknowledging any wrongdoing, fault, liability or damage to the Lead Plaintiffs or any other member of the Litigation Classes or proposed Settlement Classes (as defined below), and while maintaining the merit of the defenses Greenberg asserted to the claims alleged.

### Benefits of the Settlement to the Classes

J.     Lead Plaintiffs and Class Counsel believe that the Settlement provides fair, reasonable and adequate monetary recovery for the Settlement Classes (as defined below) based on the claims asserted, the evidence developed and the damages that might be proven by the Lead Plaintiffs and the Litigation Classes in the Facciola Litigation and the amount of insurance coverage available to Greenberg and other claims made upon it.

K.      Lead Plaintiffs and Class Counsel further recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Facciola Litigation through trial and appeal.   Lead Plaintiffs and Class Counsel also have considered the uncertain outcome and the risk of any litigation, including the risk that the Litigation Classes might recover nothing, especially in a complex action such as this one, as well as the difficulties and delays inherent in any such litigation. Lead Plaintiffs and Class Counsel are also mindful of the inherent problems of proof and possible defenses to the Facciola Litigation and to the securities law violations asserted against Greenberg and therefore believe that it is desirable that the Released Claims (as defined below) be fully and finally compromised, settled and resolved as set forth herein.   Lead Plaintiffs and Class Counsel have also considered that there are several potential coverage defenses, exclusions and competing claims that may be applicable to Greenberg's insurance coverage otherwise available for the claims asserted in the Facciola Litigation, which could materially affect the potential collectability of any judgment entered in the Facciola Litigation. Based upon their evaluation, Lead Plaintiffs and Class Counsel have determined that the Settlement set forth in this Stipulation is fair, reasonable and adequate and in the best interests of Lead Plaintiffs, the Litigation Classes, and the Settlement Classes (as defined below).

**NOW THEREFORE,** without any admission or concession on the part of Lead Plaintiffs or Class Counsel regarding any lack of merit of the Facciola Litigation, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Greenberg, it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, in consideration of the benefits flowing to the Parties hereto from the Settlement and subject to (1) approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and (2) the other conditions set forth herein, that the claims asserted by Lead Plaintiffs and the Litigation Classes in the Facciola Litigation and all Released Claims (as

defined below) as against the Released Parties (as defined below) will be finally and fully compromised, settled, released and dismissed, on the merits and with prejudice, in the manner and upon and subject to the terms and conditions set forth herein.

**Certain Definitions**

1.      In addition to the definitions set forth above, the following capitalized terms used in this Settlement Stipulation will have the meanings specified below:

a.      "District Court" means the United States District Court for the District of Arizona.

b.      "Effective Date" means the first day following the date on which the Settlement contemplated by this Stipulation will become effective as set forth in ¶ 37 below.

c.      "Escrow Account" means the interest-bearing account established pursuant to ¶ 8 herein.

d.      "Escrow Agent" will mean Rust Consulting, Inc. or its designate.

e.      "Final Approval" means the expiration of the time for appeal or review of the Judgment (defined below) by the District Court in the Facciola Litigation approving (i) the Settlement and (ii) the release of the Released Claims as to the Released Parties as fair, adequate and reasonable, and dismissing the claims of the Lead Plaintiffs and the Settlement Classes against Greenberg, with prejudice; or, if a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) is filed or if any appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired; or, in the event that the District Court enters Judgment in a form other than that attached hereto as Exhibit C ("Alternative Judgment") and none of the Parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by certiorari or otherwise, and the time for any petition

for reargument, appeal or review, by certiorari or otherwise, has expired.

f.      "Final Approval Hearing" means the final hearing to be held by the District Court to determine: (1) whether the proposed Settlement should be approved as fair, reasonable and adequate; (2) whether all Released Claims should be dismissed with prejudice; (3) whether an order approving the Settlement should be entered; and (4) whether the Plan of Allocation of the Settlement Fund should be approved.

g.      "Greenberg's Counsel" means the law firms of Williams & Connolly LLP and Galbut & Galbut, P.C.

h.      "Judgment" means the order and final judgment, substantially in the form attached hereto as Exhibit C, or such other substantially similar form agreed to by the Parties, to be entered finally approving the Settlement and dismissing the Facciola Litigation against the Released Parties on the merits with prejudice.

i.      "Mailed Notice" means the "A.R.S. § 44-2081 Cover Page" and "Notice of Proposed Settlement of Class Action and Final Approval Hearing" and substantially in the form attached hereto as Exhibit B.

j.      "Mortgages Ltd." or "ML" means Mortgages Ltd., and "Mortgages Ltd. Securities" means Mortgages Ltd. Securities, L.L.C.

k.      "Net Settlement Fund" will have the meaning set forth in ¶ 9 herein.

l.      "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and Lead Plaintiffs' Counsel in connection with (i) providing notice to the Classes; and (ii) administering the Claims process as well as the costs, fees and expenses incurred in connection with the Escrow Account, provided however, that the Notice and Administration Costs will not include any litigation expenses or any attorneys' fees awarded by the Court.

m.      "Other Actions" means the following three separate actions in which claims have been asserted against Greenberg:  *Roger Ashkenazi, et al. v. Greenberg Traurig LLP, et al.*, No. CV2010-020851 (Ariz. Super. Ct.); *Mary Marsh, et al. v.*

1    *Greenberg Traurig LLP, et al.*, No. CV2010-097769 (Ariz. Super. Ct.); and *Victims*

2    *Recovery, LLC v. Greenberg Traurig LLP, et al.*, No CV2010-052188 (Ariz. Super. Ct.).

3              n.    "Person" and "Persons" means any individual, corporation,

4    partnership, limited liability partnership, limited liability company, association, affiliate,

5    joint stock company, estate, trust, trustee, unincorporated association, entity, government

6    and any political subdivision thereof, or any other type of business or legal entity, any

7    legal representative, and their spouses, heirs, predecessors, successors, representatives,

8    agents, members, managers, or assignees.

9              o.    "Plan of Allocation" means the separate plan for allocating the Net

10   Settlement Fund to Settlement Classes Members after payment of the Notice and

11   Administration Costs, Taxes and Tax Expenses and such attorneys' fees, costs and

12   expenses as may be approved by the District Court.   The Plan of Allocation is not part of

13   the Stipulation, and Greenberg and the other Released Parties will have no liability with

14   respect thereto.

15             p.    "Preliminary Approval Order" means the Proposed Order

16   Preliminarily Approving Settlement and Providing for Notice that Lead RB Plaintiffs and

17   Greenberg will seek from the District Court, substantially in the form attached as Exhibit

18   A.

19             q.    "Radical Bunny" or "RB" means Radical Bunny, LLC.

20             r.    "Released Claims" means any and all claims, debts, demands, rights,

21   liabilities and causes of action, of every nature and description, known or Unknown (as

22   defined in ¶ 1(dd), whether based on federal, state, local or foreign statutory law or

23   common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen,

24   asserted or unasserted, matured or unmatured, accrued or unaccrued, liquidated or

25   unliquidated, whether direct, representative, class or individual in nature, including, but

26   not limited to, any and all claims that Lead Plaintiffs or any Settlement Classes Member

27   has asserted against Greenberg in the Facciola Litigation, or could have asserted against

28

Greenberg in the Facciola Litigation, or in any forum, that arise out of, are based upon or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the First Amended Complaint or that arise out of, are based upon or are related to (i) investments in Mortgages Ltd. (or the limited liability companies it managed) or Radical Bunny, (ii) the purchase or other acquisition of interests in deeds of trust issued to Mortgages Ltd., (iii) the purchase of investments, securities or beneficial interests in securities from or issued by Mortgages Ltd. (or the limited liability companies it managed), Mortgages Ltd. Securities or Radical Bunny, (iv) the purchase or other acquisition of interests in loans by Radical Bunny to Mortgages Ltd., or (v) the representation of Mortgages Ltd. by Greenberg; provided, however, that nothing contained in this definition of Released Claims will release, discharge or impair any rights or claims that Lead Plaintiffs or any Settlement Classes Member may have as a creditor under the plans of reorganization approved in the ML or RB bankruptcy proceedings, except as against any of the Released Parties.

s.      "Released Parties" means Greenberg and its current, former, and future parents, subsidiaries, affiliates, partners, of counsel, associates, joint venturers, officers, directors, principals, shareholders, members, member entities, predecessors, successors, employees, attorneys, accountants, advisors, insurers, reinsurers, agents (acting in their capacity as agents), servants, administrators, executors, representatives, trustees, vendors, and assigns, and any other individual or entity which is related to or affiliated with Greenberg or its current, former, and future legal representatives, successors in interest or assigns, individually, jointly and severally.  With respect to each natural person who is one of the Released Parties, his or her current, former, and future spouses, marital estates, heirs, joint tenants, tenants in common, beneficiaries, executors and administrators are further included in this definition as Released Parties. "Released Parties" specifically does not include Quarles & Brady, LLP, Mayer Hoffmann McCann, P.C., CBIZ, Inc., CBIZ MHM, LLC.

t.      "Second Payment Escrow Account" means the segregated escrow account or accounts, insured by the FDIC (to the extent such FDIC insurance is available), and established by the Second Payment Escrow Agent, into which Greenberg will cause the payment in ¶ 8(b) to be made, and which will hold those funds until, as required by this Settlement, they are released either into the Escrow Account upon satisfaction of the conditions of ¶ 8(d) or returned to the entities that made payment upon satisfaction of the conditions of ¶ 40.

u.      "Second Payment Escrow Agent" will mean Wiley Rein LLP, counsel to Greenberg's insurers, and/or its designate(s).

v.      "Settlement" means the collective settlement terms set forth in this Stipulation.

w.      "Settlement Administrator" means Rust Consulting, Inc., the firm which Class Counsel requests be appointed by the District Court to administer the Settlement and disseminate notice of the pendency of the Facciola Litigation and the proposed Settlement to those persons who fall within the Settlement Classes, provided that Class Counsel may in its discretion perform such services in lieu of the Settlement Administrator.

x.      "Settlement Classes" means, collectively:

1.      all Persons who, during the Settlement Classes Period, (a) invested or held investments in Radical Bunny; (b) purchased (or held) through Radical Bunny interests in loans by Radical Bunny to Mortgages Ltd.; (c) purchased (or held) through Radical Bunny interests in deeds of trust issued to Mortgages Ltd.; or (d) purchased or held investments, securities, or beneficial interests in securities from or issued by Radical Bunny ("the RB Settlement Class"); and

2.      all Persons who, during the Settlement Classes Period, (a) invested or held investments in Mortgages Ltd. (or the limited

liability companies it managed); (b) purchased, acquired, or held interests in deeds of trust issued to Mortgages Ltd.; or (c) purchased or held investments, securities, or beneficial interests in securities from or issued by Mortgages Ltd. (or the limited liability companies it managed) or Mortgages Ltd. Securities ("the ML Settlement Class").

Excluded from the definition of "Settlement Classes" in the foregoing (1) and (2) are all of the following:

(i)      Mortgages Ltd., Mortgages Ltd. Securities, Radical Bunny, and each of their officers, directors, managers, owners, shareholders, employees, affiliates, agents, legal representatives, predecessors, successors, and assigns;

(ii)      Scott Coles, Ashley Coles, and their children, heirs, family trusts, and estates;

(iii)     the entities named at any time as defendants in the Facciola Litigation (Greenberg Traurig, LLP, Quarles & Brady LLP, CBIZ, Inc., CBIZ MHM, LLC, and Mayer Hoffman McCann, P.C.);

(iv)     the individuals named at any time as defendants in the Facciola Litigation (Michael M. Denning, Donna J. Denning, Todd S. Brown, Cynthia D. Brown, Christopher J. Olson, Rachel L. Schwartz-Olson, Jeffrey A. Newman, Kathleen N. Newman, Tom Hirsch, Diane Rose Hirsch, Howard E. Walder, Berta F. Walder, Harish P. Shah, and Madhavi H. Shah), and each of their spouses, family trusts, and estates; and

(v)      all Persons who are presently named as plaintiffs in *Roger Ashkenazi, et al. v. Greenberg Traurig LLP, et al.*, No. CV2010-020851 (Ariz. Super. Ct.), or *Mary Marsh, et al. v. Greenberg Traurig LLP*, et al., No. CV2010-097769 (Ariz. Super. Ct.), and all Persons who have assigned claims to the Plaintiff in *Victims Recovery, LLC v. Greenberg Traurig LLP, et al.*, No CV2010-052188 (Ariz. Super. Ct.), but only to the extent those Persons have assigned a claim or claims to Victims Recovery,

LLC.

y.      "Settlement Classes Members" means Persons (a) who fall within the definition of the Settlement Classes in ¶ 1(x) and (b) who do not timely and properly request to be excluded from the Settlement Classes.  Any putative Settlement Classes Member who files a timely request for exclusion but who thereafter retracts that request for exclusion pursuant ¶ 31 below will not be excluded from the Settlement Classes and will be bound by the Settlement.

z.      "Settlement Classes Period" means the time from September 1, 2005 through June 3, 2008.

aa.     "Settlement Fund" means the amounts paid into the Escrow Account pursuant to ¶ 8.

bb.     "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

cc.     "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and expenses relating to the filing or failure to file all necessary or advisable tax returns).

dd.     "Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any Settlement Classes Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiffs will expressly, and each Settlement Classes Member will be deemed to have, and by operation of the Judgment will have expressly, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

A  GENERAL  RELEASE  DOES  NOT  EXTEND  TO  CLAIMS  WHICH

12

THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs and Lead Plaintiffs' Counsel understand and acknowledge, and Settlement Classes Members by operation of law will be deemed to have acknowledged, the significance of this waiver of Cal. Civ. Code § 1542 and/or any other applicable federal or state law relating to limitations on releases. Lead Plaintiffs and Greenberg acknowledge, and Settlement Classes Members by operation of law will be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

## CLASS CERTIFICATION

2.      Greenberg contends that the Facciola Litigation should not be certified as a class action under Federal Rule of Civil Procedure 23, and denies that any class should be certified other than for purposes of this Settlement. Solely for purposes of this Settlement and for no other purpose, each of the Parties stipulates and agrees to the Facciola Litigation proceeding as a class action with the proposed Settlement Classes as defined in ¶ 1(x), subject to the District Court's approval under Federal Rule of Civil Procedure 23. Nothing in this Stipulation of Settlement shall be construed as an agreement or admission by Greenberg that the Facciola Litigation or any similar case is amenable to class certification for trial purposes or that either the Litigation Classes as defined in ¶ D or the Settlement Classes as defined in ¶ 1(x) have been previously certified as classes with claims against Greenberg for trial. Furthermore, nothing in this Stipulation of Settlement shall prevent Greenberg from opposing or appealing class certification or seeking de-certification of any class if the Settlement does not reach Final Approval or if the Effective Date does not occur for any reason.

## MUTUAL RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation will be in full and final disposition of the Facciola Litigation as against the Released Parties and will fully, finally

1
2
3

and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss, on the merits and with prejudice, the claims asserted against Greenberg in the Facciola Litigation and any and all Released Claims against the Released Parties.

4
5
6
7
8
9
10
11
12
13
14
15
16
17

4.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of this Settlement, Lead Plaintiffs will have, and each of the Settlement Classes Members will be deemed to have, and by operation of law and of the Judgment will have, on behalf of themselves, their current and former spouses, heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, past and present successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, employees, members, managers, trustees, agents, representatives, attorneys, insurers and assigns, and any person they represent or that acts by, through, under, or in concert with them, or any of them, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed the Released Parties of and from the Released Claims, with prejudice and on the merits, without costs to any party, whether or not such Settlement Classes Member receives actual notice of the Settlement prior to the final approval of the Settlement, or receives a distribution from the Net Settlement Fund, except for claims to enforce the Settlement.

18
19
20
21
22
23
24
25
26
27
28

5.     Upon the Effective Date, Lead Plaintiffs and all Settlement Classes Members, on behalf of themselves, their current and former spouses, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, past and present successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, employees, members, managers, trustees, agents, representatives, attorneys, insurers and assigns, and any person they represent or that acts by, through, under, or in concert with them, or any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims, and expressly covenant not to

14

assert any such Released Claim as against any of the Released Parties, except for claims to enforce the Settlement.

6.     Upon the Effective Date of this Settlement, Greenberg on behalf of itself and its predecessors, successors in interest, and counsel of record will release and will be deemed by this Settlement to have released and forever discharged Lead Plaintiffs and Class Counsel from any and all claims, known or unknown, arising out of or relating to their filing, prosecution or settlement of the Facciola Litigation, except for claims to enforce the Settlement.

## TERMS OF THE JUDGMENT

7.     If the Settlement embodied in this Stipulation is approved by the Court, Class Counsel and Greenberg's Counsel will request that the Court enter a Judgment, substantially in the form annexed hereto as Exhibit C which will, among other things, contain terms providing for a Bar Order substantially in the form set forth below, including:

(a)     A contribution bar order in accordance with A.R.S. § 44-2003(K) barring and extinguishing any and all claims in any state, federal, or foreign jurisdiction for contribution based upon, arising out of, or related to any Released Claim, including, but not limited to, any claim that is based upon, arises out of, or relates to the Facciola Litigation, or the transactions and occurrences referred to in the First Amended Complaint, or in any counterclaims or third-party claims by any (i) person or entity against the Released Parties, or any of them, and (ii) the Released Parties against any person or entity, other than as set forth in A.R.S. § 44-2003(K)(2); provided, however, that, if the Lead Plaintiffs or the Settlement Classes Members, or any of them, obtain any judgment against any such person or entity based upon, arising out of, or relating to Released Claims covered by A.R.S. § 44-2003(K), that person or entity will be entitled to a judgment credit, in accordance with A.R.S. § 44-2003(K), equal to the greater of (i) an amount that

15

corresponds to the percentage of responsibility of the Released Parties for the damages to the Lead Plaintiffs or the Settlement Classes Members on account of the Released Claims, or (ii) the Settlement Fund.

(b)     A complete bar order permanently barring and enjoining any and all Persons from commencing, prosecuting, or asserting any claim, cross-claim or third-party claim in any state, federal, or foreign jurisdiction against the Released Parties, or any of them, arising under state, federal, foreign, or common law, however styled, whether for indemnification or contribution or otherwise denominated (including, without limitation, claims for breach of contract, negligence, professional liability, breach of fiduciary duty, misrepresentation, conspiracy, unjust enrichment, or aiding and abetting), where the claim constitutes, is based upon, arises out of or relates to a Released Claim.  The provisions of this complete bar order are intended to preclude any liability of the Released Parties to any Person for indemnification, contribution, or otherwise on any claim in which a Person seeks to recover from the Released Parties, or any of them (i) any amounts such Person is liable, or may become liable, to pay to the Lead Plaintiffs or the Settlement Classes Members; and/or (ii) any costs, expenses, or attorneys' fees from defending any claim(s) asserted by the Lead Plaintiffs or the Settlement Classes Members; provided, however, that if the Lead Plaintiffs obtain any judgment against any such Person based upon, arising out of, or relating to any Released Claim, that Person will be entitled to a judgment credit equal to the *greater* of (i) an amount that corresponds to the percentage of responsibility of the Released Parties for the damages to the Lead Plaintiffs or the Settlement Classes Members on account of the Released Claims; and (ii) the Settlement Fund.

(c)     Except as provided in ¶ (d) below, a complete bar order permanently barring and enjoining the Released Parties from commencing, prosecuting, or asserting any claim, cross-claim or third-party complaint claim in any state, federal,

or foreign jurisdiction against any and all Persons arising under state, federal, foreign, or common law, however styled, whether for indemnification or contribution or otherwise denominated (including, without limitation, claims for breach of contract, negligence, professional liability, breach of fiduciary duty, misrepresentation, conspiracy, unjust enrichment, or aiding and abetting), where the claim constitutes, is based upon, arises out of or relates to a Released Claim. The provisions of this complete bar order are intended to preclude any liability by any Person to the Released Parties for indemnification, contribution, or otherwise on any claim in which the Released Parties, or any of them, seek to recover from any Person (i) any amounts the Released Parties are liable, or may become liable, to pay to the Lead Plaintiffs or the Settlement Classes Members; and/or (ii) any costs, expenses, or attorneys' fees from defending any claim(s) asserted by the Lead Plaintiffs or the Settlement Classes Members.

(d)     Nothing in this Bar Order will prevent a putative Settlement Classes Member who timely and validly requested an exclusion from the Settlement Classes from pursuing any Released Claim against any Released Party.  If any putative Settlement Classes Member who validly requests exclusion from the Settlement Classes pursues any such Released Claim against any Released Party, nothing in the Bar Order or in this Stipulation will operate to preclude such Released Party from asserting any claim of any kind against such putative Settlement Classes Member (or from seeking contribution or indemnity from any Person, including any former or current co-defendant in the Facciola Litigation, in respect to the claim of such putative Settlement Classes Member who validly requests exclusion from the Settlement Classes).

(e)     Notwithstanding anything to the contrary in the Bar Order and this Stipulation, in the event that any Person (for purposes of this paragraph, a "petitioner") commences against any of the Released Parties any action asserting a

17

claim that is based upon, arises out of, or relates to any Released Claim belonging to Lead Plaintiffs, the Settlement Classes, or a Settlement Classes Member and such claim is not barred by a court pursuant to ¶ (c) or is not otherwise barred by the Bar Order, the Bar Order will not bar claims by that Released Party against (i) such petitioner; (ii) any Person who is or was controlled by, controlling or under common control with the petitioner, or whose assets or estate are or were controlled, represented or administered by the petitioner, or as to whose claims the petitioner has succeeded; and (iii) any Person that participated with any of the Persons described in items (i) and (ii) of this provision in connection with the conduct, transactions or occurrences that are the subject of the claim brought against the Released Party(s).  Nothing in this paragraph will be deemed to create a claim or cause of action against a petitioner or any other Person described in this paragraph.

(f)     Notwithstanding anything in ¶¶ (a)-(c) above, nothing in this Stipulation shall be deemed to alter the rights between Greenberg and its insurers. If any provision of this Bar Order is subsequently held to be unenforceable, the Parties will propose to the Court alternative terms so as to afford all of the Released Parties the fullest protection permitted by law and consistent with any concerns expressed by the Court.

**THE SETTLEMENT CONSIDERATION**

8.     In full and complete settlement of the Released Claims,

(a) Greenberg will pay, or cause to be paid $100,000.00, no later than ten (10) business days following the date of the entry of the Preliminary Approval Order, into the Escrow Account established for the Settlement Fund, for use by the Settlement Administrator or the Escrow Agent to pay the costs of providing notice to the Settlement Classes Members and otherwise administering the Settlement on behalf of the Settlement Classes;

18

(b) Greenberg will pay, or cause to be paid $50,917,740.00, no later than thirty (30) calendar days after entry of the Judgment, into the Second Payment Escrow Account;

(c) Greenberg will pay, or cause to be paid $10,000,000.00 on or before February 10, 2013, into the Escrow Account; and

(d) No later than ten (10) business days after Final Approval, the Second Payment Escrow Agent will cause the monies paid into the Second Payment Escrow Account pursuant to subparagraph (b) to be paid into the Escrow Account.

9.      The Settlement Fund, net of any Taxes and Tax Expenses, will be used to pay (1) the Notice and Administration Costs, (2) the approved attorneys' fees and expenses referred to in ¶ 16 and (3) the remaining administration expenses referred to in ¶ 11.  The balance of the Settlement Fund after the above payments constitutes the "Net Settlement Fund," which will be distributed to the Settlement Classes Members as provided in the Plan of Allocation.  All costs and expenses incurred by or on behalf of the Lead Plaintiffs and the Settlement Classes associated with the Settlement and approved by the District Court will be paid from the Settlement Fund; in no event will any of the Released Parties bear any further or additional responsibility for any such costs or expenses beyond payment of the Settlement Fund.

10.      All funds held by the Escrow Agent will be deemed to be in the custody of the District Court and such funds will remain subject to the jurisdiction of the District Court until such time as the funds will be distributed to the Settlement Classes Members or returned to Greenberg pursuant to this Stipulation and/or further order of the District Court.  The Escrow Agent will hold the funds in an interest-bearing bank account insured by the FDIC and/or United States Agency or Treasury securities or obligations. Greenberg will not be liable for the loss of any portion of the Settlement Fund after payment into the Escrow Account.

11.      The Escrow Agent will not disburse more than $100,000.00 from the Settlement Fund for Notice and Administration Costs absent an order of the District Court

or the written agreement of counsel for all Parties.

12.     Upon the payment of the Settlement Fund, the Parties agree to treat the Settlement Fund as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and the Settlement Administrator will be responsible for timely making such elections as are necessary or advisable to carry out the provisions of this paragraph, including but not limited to the relation-back election (as defined in Treasury Reg. § 1.468B-1) to the earliest permitted date.   Such elections will comply with the procedures and requirements contained in such Regulations.   Additionally, it will be the responsibility of the Settlement Administrator to prepare and deliver the necessary documentation for signature by all necessary Parties, and thereafter to cause the appropriate filing(s) to occur.   The Settlement Administrator and Class Counsel, as required, will do all things that are necessary or advisable to carry out the provisions of this paragraph and Greenberg will reasonably cooperate with the Settlement Administrator and Class Counsel to carry out the provisions of this paragraph.

13.     All Taxes (including any interest or penalties) arising with respect to the income earned by the Settlement Fund after payment into the Escrow Account, including any Taxes or Tax detriments that may be imposed upon Greenberg with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" (limited by the amount of simple interest earned on the Settlement Fund at the LIBOR and not any higher interest rate that Greenberg may earn on the Settlement Fund) for Federal or state income tax purposes and all Tax Expenses will be considered to be a cost of administration of the Settlement and will be paid out of the Settlement Fund. The Released Parties will not have any liability or responsibility for any such Taxes or Tax Expenses.   The Settlement Administrator will indemnify and hold each of the Released Parties harmless for any liability or obligation whatsoever relating to the administration of the Settlement Fund, the distribution of the Net Settlement Fund or implementation of the Plan of Allocation.   The Settlement

Administrator, or its agents, will timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treas. Reg. § 1.468B-2(k), and to the extent applicable, Treas. Reg. § 1.468B-2(l).  Such returns will be consistent with the terms hereof and in all events will reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund will be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph.  The Settlement Administrator, or its agents, will also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the District Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses.  The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Stipulation.

14.    This is not a claims-made settlement.  As of the Effective Date, Greenberg will have no right to the return of the Settlement Fund or any portion thereof.  Any undistributed money from the Settlement Fund that cannot be distributed cost effectively to the Settlement Classes Members will be donated to one or more non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Lead Plaintiffs and approved by the District Court.

15.    The finality of the Settlement will not be conditioned on any ruling by the District Court concerning the Plan of Allocation or the approval of attorneys' fees and expenses to Class Counsel. Any order or proceeding relating to a request for approval of the Plan of Allocation, or of attorneys' fees and expenses or any appeal from any order relating thereto or reversal or modification thereof, will not operate to delay or terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.  However, there will be no distribution

of any of the Net Settlement Fund to any Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

## ATTORNEYS' FEES AND EXPENSES

16.     Class Counsel will apply to the District Court for attorneys' fees in the amount of 15% of the Settlement Fund, plus reimbursement of unreimbursed litigation expenses.  Such amounts as are approved by the District Court will be payable from the Settlement Fund.

17.     Greenberg and the other Released Parties will have no responsibility or liability for, and will take no position with respect to, any application for attorneys' fees or expenses, the allocation of fees and expenses that the District Court may approve in this action, or the proposed Plan of Allocation for the Settlement Fund.

18.     The procedure for and amounts of attorneys' fees and expenses, and the allowance or disallowance by the District Court thereof, are not a condition of the Settlement.  Class Counsel will request that their application for attorneys' fees and expenses be considered by the District Court at the Final Approval Hearing separately from the District Court's consideration of the fairness and adequacy of the Settlement. Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to delay or terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.  The finality of the Settlement will not be conditioned on any ruling by the District Court concerning any application for attorneys' fees and expenses.

19.     Except as otherwise provided in this paragraph, the attorneys' fees and expenses approved by the District Court will be paid by the Settlement Administrator from the Settlement Fund within five (5) business days of the date the District Court

enters an order approving such fees and expenses or, if sufficient funds are not yet available in the Settlement Fund on that date to pay the attorneys' fees and expenses approved by the District Court, the payment will be made within five (5) business days of the date that the necessary funds are deposited in the Settlement Fund.  In the event that the Effective Date does not occur, or the Judgment is reversed or modified in any way that affects attorney fees and expenses, or the Settlement is terminated for any other reason, then each counsel receiving fees or expenses under this provision will, within ten (10) business days from receiving notice from Greenberg's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund either the full amount of the fees and expenses previously received by it pursuant to these provisions (in the event the Judgment is reversed) or an amount consistent with any modification of the Judgment with respect to attorneys' fees and expenses.  Class Counsel agree that they and their shareholders are subject to jurisdiction of the District Court for the purpose of enforcing the provisions of this paragraph.

### DISTRIBUTION TO SETTLEMENT CLASSES MEMBERS AND ADMINISTRATION OF SETTLEMENT

20.     Class Counsel or the Settlement Administrator will oversee implementation of the Court-approved Plan of Allocation and distribution of the Settlement Fund, and will perform all calculations, determinations and claims administration procedures necessary or appropriate in connection therewith.

21.     The Settlement Fund will be applied as follows:

    i.     To pay all Notice and Administration Costs incurred;

    ii.     To pay Taxes and Tax Expenses owed by the Settlement Fund;

    iii.     Subject to the approval and further order(s) of the District Court, for payment of all attorneys' fees and expense reimbursement as may be approved by the District Court to Class Counsel;

    iv.     Subject to the approval and further order(s) of the District Court, and upon the Effective Date, to distribute the Net Settlement Fund to the

Settlement Classes Members pursuant to the Plan of Allocation.

22.    Each Settlement Classes Member will be deemed to have submitted to the jurisdiction of the District Court with respect to his, her or its share of the Net Settlement Fund. All determinations and distributions of the Net Settlement Fund by the Settlement Administrator in accordance with the Plan of Allocation are final, binding and non-appealable.

23.    Regardless of the amount of the distribution received from the Settlement Fund, if any, each Settlement Classes Member will remain bound by all of the terms of this Stipulation, including the terms of the Judgment, if applicable, to be entered in the Facciola Litigation and the applicable Releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Parties asserting any Released Claims in the event that the Effective Date occurs.

24.    Neither Greenberg nor any other Released Party will have any liability, obligation or responsibility whatsoever for the administration of either of the Settlement Fund or disbursement of the Net Settlement Fund.

25.    No Settlement Classes Member will have any claim against Class Counsel, Lead Plaintiffs, any of the Released Parties or their counsel, the Escrow Agent, the Settlement Administrator or any employees or agents of any of the foregoing, based on the distributions made substantially in accordance with this Stipulation or as otherwise approved or directed by the District Court.  Payment pursuant to this Stipulation will be deemed final and conclusive against all Settlement Classes Members.

26.    All proceedings with respect to the administration, processing and distribution of the Settlement Fund, the determination of the amounts due to Settlement Classes Members under the Plan of Allocation and the determination of all controversies relating thereto, are subject to the jurisdiction of the District Court.

27.    The Net Settlement Fund will not be distributed by the Settlement

Administrator until after the Effective Date.

28.   Following distribution of the Net Settlement Fund, the Settlement Administrator will maintain its records for three years after the Effective Date.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASSES

29.   Each member of the Settlement Classes will be bound by all determinations and judgments in the Facciola Litigation concerning the Settlement unless such person sends to the Settlement Administrator, by first class mail or email, a written request for exclusion from the relevant Settlement Class(es).  In order to be valid, the request for exclusion must (1) be postmarked or emailed on or before August 13, 2012, so long as that date is at least thirty-five (35) calendar days from the date notice was sent to the Settlement Classes, or, if it is not, the earliest date that is thirty-five (35) calendar days from the date notice was sent to the Settlement Classes, and (2) state all of the following: (a) the name, address and telephone number of the person requesting exclusion; (b) the identity of the Mortgages Ltd. and/or Radical Bunny investments purchased (or otherwise acquired); (c) the face value of the investment still held as of June 3, 2008; (d) the price or other consideration paid for such investments; (e) the date of each purchase; and (f) a clear and unequivocal statement that the person wishes to be excluded from the relevant Settlement Class(es).  The failure of any Settlement Classes Member to provide complete or accurate information called for by sub-paragraphs 2(b) or 2(d)-(e) will not invalidate the Request for Exclusion. All persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph will have no rights under this Stipulation, will not share in the distribution of the Net Settlement Fund, and will not be bound by the Stipulation or the Judgment, unless the Request for Exclusion is validly retracted pursuant ¶ 31 below.

30.   The Settlement Administrator will scan and email copies of each Request for Exclusion in PDF format (or such other format as may be agreed) to Greenberg's Counsel and to Class Counsel expeditiously (and not more than three (3) business days)

after the Settlement Administrator receives such a request.  As part of the motion papers in support of the Settlement of the Action, the Settlement Administrator or Class Counsel will cause to be provided a list of all the persons who have requested exclusion from the Settlement Classes, and will cause to be certified that all Requests for Exclusion received by the Claims Administrator have been copied and provided to Greenberg's Counsel no later than seven calendar (7) days from the date a request for exclusion must be postmarked or emailed in order to be valid pursuant to ¶ 29.

31.    Any putative Settlement Classes Member may retract a prior request for exclusion by providing to Class Counsel and to Greenberg's Counsel a written notice stating his, her, or its desire to retract the request for exclusion from the Settlement Classes by 12:00 p.m., Pacific Standard Time, three (3) calendar days before the Final Approval Hearing.  Any such written notice retracting the request for exclusion also must include an affirmation that the Settlement Classes Member makes such retraction freely and of his, her, or its own volition, without coercion by anyone.  Any putative Settlement Classes Member who validly retracts a request for exclusion pursuant to this paragraph will not be excluded from the Settlement Classes and will be bound by the Settlement.

## PRELIMINARY APPROVAL ORDER

32.    On June 20, 2012, Class Counsel will file the Stipulation and its Exhibits with the District Court and will apply for entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A.

## NOTICE UNDER CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA NOTICE")

33.    Greenberg's Counsel will send CAFA Notice in accordance with 28 U.S.C. § 1715 on June 20, 2012.

34.    Class Counsel has provided Greenberg's Counsel a list of every state in which a putative Settlement Classes Member resides, and the number of putative Settlement Classes Members residing in each state, so that Greenberg may send CAFA Notice in accordance with 28 U.S.C. § 1715.

26

**JUDGMENT**

35.   If the Settlement contemplated by this Stipulation is approved by the District Court, Class Counsel and Greenberg's Counsel will jointly request that the District Court enter a Judgment substantially in the form annexed hereto as Exhibit C.

**GREENBERG'S OPTION TO TERMINATE SETTLEMENT**

36.   Greenberg has the option to terminate this Stipulation no fewer than ten (10) calendar days before the Final Approval Hearing if putative Settlement Classes Member(s) whose investments exceed a specified aggregate amount, as determined by the face value of the investment still held as of June 3, 2008, file valid and timely Requests for Exclusion, as further set forth in a confidential "Supplemental Agreement" executed by the Parties simultaneously herewith.   The Supplemental Agreement will not be filed with the District Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the District Court, under seal, if so requested by the District Court, or if a dispute arises among the Parties concerning the Supplemental Agreement's interpretation or application.   Greenberg may disclose copies of the Supplemental Agreement to the recipients of its CAFA notices pursuant to its obligations under 28 U.S.C. § 1715.   The Parties will otherwise keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.   In the event the Settlement and this Stipulation are terminated pursuant to this paragraph, this Stipulation will become null and void and of no further force and effect, except that the provisions of ¶¶ 39, 40, and 41 will survive termination.

**EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION**

37.   The Effective Date of Settlement will be deemed to occur on the occurrence or waiver, as applicable, of all of the following events:

      i.   entry of the Preliminary Approval Order;

     ii.   Greenberg has not exercised its option to terminate its participation in

this Stipulation pursuant to the provisions of this Stipulation (including the Supplemental Agreement);

iii.   approval by the District Court of the Settlement and certification of the Settlement Classes following class notice and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure and entry of Judgment;

iv.   the Judgment has reached Final Approval, as defined above; and

v.   payment by Greenberg of $61,017,740.00 into the Settlement Fund as set forth in ¶ 8.

38.   Greenberg or Lead Plaintiffs will have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other within seven calendar (7) days of the date on which: (1) the District Court declines to enter the Preliminary Approval Order; (2) the District Court declines to approve this Settlement or any material part of it, provided, however, that neither the allowance or disallowance by the Court of any application for attorneys' fees and expenses nor the approval or disapproval of the Plan of Allocation will be material; (3) the District Court declines to enter the Judgment; (4) the Judgment is vacated, modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; (5) an Alternative Judgment is vacated, modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (6) the Effective Date of Settlement otherwise does not occur, except that (i) if such Effective Date does not occur as a result of the failure of Greenberg to pay the $61,017,740.00 into the Settlement Fund as required by ¶ 8, Greenberg may not terminate the Settlement.  Neither a modification nor a reversal on appeal of (i) any ruling on attorneys' fees, costs and expenses by the Court to Class Counsel or (ii) the Plan of Allocation will be deemed a material modification of the Judgment or this Stipulation.  Greenberg may also terminate the Settlement and this

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Stipulation pursuant to ¶ 36.   In the event the Settlement and this Stipulation are terminated, the provisions of ¶¶ 39, 40, and 41 will survive termination.

39.     In the event the Settlement is terminated or if the Effective Date fails to occur for any reason, the Parties to this Stipulation will be deemed to have reverted *nunc pro tunc* to their respective status in the Facciola Litigation as of the date and time immediately prior to the execution of this Stipulation and, except otherwise expressly provided, the Parties will proceed in all respects as if this Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact or terms of the Settlement or this Stipulation.  This Stipulation may not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation will be treated as vacated, *nunc pro tunc*.

40.     In the event this Settlement is terminated or if the Effective Date fails to occur for any reason, then within ten (10) business days after written notice is sent by Class Counsel or Greenberg's Counsel, the Settlement Administrator or Class Counsel will (a) refund to the Settlement Fund the portion of the Notice and Administration Costs not already incurred or paid from the Settlement Fund and (b), if the Settlement is terminated for reasons other than (1) the failure of Greenberg to pay the $61,017,740.00 into the Settlement Fund as required by ¶ 8 or (2) termination by Greenberg under ¶ 36, reimburse the Settlement Fund with an amount equal to one-half of the portion of the Notice and Administration Costs already incurred or paid from the Settlement Fund.  The balance of the Settlement Fund (including any interest actually accrued thereon) will then be refunded to Greenberg within five (5) business days and any amounts in the Second Payment Escrow Account will be returned to the entities that made payment into that account.

### NO ADMISSION OF WRONGDOING

41.     Whether or not the Settlement is approved by the Court, and whether or not

29

it is consummated, the fact and terms of this Stipulation, including Exhibits, all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

    i.    may not be construed, offered or received against Greenberg or any other Released Party, as evidence of, or construed as, or be deemed to be evidence of, any presumption, concession or admission with respect to the truth of any fact alleged by Lead Plaintiffs or the validity, or lack thereof, of any claim that had been or could have been asserted in the Facciola Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Facciola Litigation or in any litigation, or of any liability, fault or wrongdoing of Greenberg or other Released Parties; and

    ii.    may not be construed, offered or received against Lead Plaintiffs or the Litigation Classes or any of them as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission that any of their claims are or were without merit or that damages recoverable under the First Amended Complaint would not have exceeded the Settlement Fund.

    42.    Once approved by the Court, this Settlement may be pleaded as a full and complete defense by any of the Released Parties to any action, suit or other proceeding that may be instituted, prosecuted or attempted with respect to any of the Released Claims. The Released Parties may offer the Stipulation or the Judgment from the Facciola Litigation in any other action that may be brought against them by any Settlement Classes Member or any Person who may be subject to the Bar Order in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any similar defense or counterclaim.

## **MISCELLANEOUS PROVISIONS**

    43.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44.      All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation will prevail.

45.      This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Parties hereto or their successors-in-interest.

46.      The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Lead Plaintiffs and the Settlement Classes Members against any of the Released Parties with respect to the Released Claims. Accordingly, the Judgment will contain a finding that at all times each of the Parties and his, her, its, or their counsel has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense and settlement of the Action.  Lead Plaintiffs and Greenberg further agree not to make any public statements that contradict such position.

47.      The Parties to this Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

48.      The waiver by one Party of any breach of this Stipulation by any other Party will not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

49.      This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among these Parties with respect to the Settlement and supersede all prior and/or contemporaneous arrangements, oral and/or written agreements and/or discussions or negotiations between or among the Parties or their agents or attorneys.  No promise, representation or warranty by any Party, or attorney or agent of any Party, regarding the Settlement that is not expressly contained or referred to in this Stipulation,

its exhibits and the Supplemental Agreement will be valid or binding on that Party.  The Parties have included this paragraph to preclude the introduction of parole evidence to vary, interpret, supplement or contradict the terms of this Stipulation.

50.     This Stipulation may be executed by electronic signature (as indicated by an "s/"), and in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tiff image of the signature transmitted via e-mail.  All executed counterparts and each of them will be deemed to be one and the same instrument.

51.     The Parties and their respective counsel agree that they will use their best efforts to obtain all necessary approvals of the District Court required for the Settlement by this Stipulation.

52.     Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of each of their respective clients.

53.     This Stipulation will be binding upon and will inure to the benefit of the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize. No assignment will relieve any Party hereto of obligations hereunder.

54.     Notices required by this Stipulation will be submitted both (1) by email and (2) either by (a) any form of overnight mail or (b) in person to:

Andrew S. Friedman
BONNETT, FAIRBOURN, FRIEDMAN
     & BALINT, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
afriedman@bffb.com
*Attorneys for Judith A. Baker; the Fred C. Hagel and
Jacqueline M. Hagel Revocable Living Trust Dated
March 15, 1995; and the RB Litigation Class*

Richard G. Himelrick
TIFFANY & BOSCO, PA

Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
RGH@tblaw.com
*Attorneys for Robert Facciola; The Robert Maurice*
*Facciola Trust Dated December 2, 1994; Honeylou C. Reznik;*
*The Morris Reznik and Honeylou C. Reznik Trust; Jewel Box*
*Loan Company, Inc.; Jewel Box, Inc.; H-M Investments, LLC; and*
*the ML Litigation Class*

Kevin M. Downey
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
kdowney@wc.com
*Attorneys for Greenberg*

Notice will be deemed effective upon sending the notice as described in this paragraph.

55.     The administration, consummation and enforcement of the Settlement as embodied in this Stipulation will be under the authority of the District Court, and the Parties intend that the District Court retain jurisdiction for the purpose of entering orders, providing for approval of attorneys' fees and expenses to Class Counsel, and enforcing the terms of this Settlement and this Stipulation.

56.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, will be governed by the internal laws of the State of Arizona without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

57.     This Stipulation will not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

1   Dated: June 20, 2012

2

3                                                   By    *s/ Andrew S. Friedman*

4                                                       ANDREW S. FRIEDMAN
                                                        *Attorneys for Lead Plaintiffs Fred C.*
5                                                       *Hagel and Jacqueline M. Hagel*
                                                        *Revocable Living Trust Dated March 15,*
6                                                       *1995; Judith A. Baker*

BONNETT, FAIRBOURN, FRIEDMAN &
 BALINT, P.C.

7   Dated: June 20, 2012                             TIFFANY & BOSCO, P.A.

8

9                                                   By  *s/ Richard G. Himelrick (with permission)*

10                                                      RICHARD G. HIMELRICK
                                                        *Attorneys for Lead Plaintiffs Robert*
11                                                      *Facciola; The Robert Maurice Facciola*
                                                        *Trust Dated December 2, 1994; Honeylou*
12                                                      *C. Reznik; The Morris Reznik and*
                                                        *Honeylou C. Reznik Trust;*
13                                                      *Jewel Box Loan Company, Inc.; Jewel*
                                                        *Box, Inc.; H-M Investments, LLC*

14  Dated: June 20, 2012                             WILLIAMS & CONNOLLY LLP

15

16                                                  By    *s/ Kevin M. Downey (with permission)*

17                                                      Kevin M. Downey
                                                        *Attorneys for Defendant*
18                                                      *Greenberg*

19

20

21

22

23

24

25

26

27

28

34

1
2

## Certificate of Service

3
4

  I hereby certify that on June 20, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

5
6
7
8
9

  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

10
11

        /s/ Nancy Varner
        Legal Secretary

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28