**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Facciola, et al., | ) | No. CV-10-1025-PHX-FJM |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| Greenberg Traurig LLP, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

We now have before us class counsels' motion for attorneys' fees and costs (doc. 428), and supplemental memorandum (doc. 465), RB Liquidation, LLC counsels' motion for attorneys' fees and costs (doc. 432), and supplemental memorandum (doc. 467).

**I**

The court has an independent obligation to ensure that an award of attorneys' fees is reasonable, even if the parties have already agreed to an amount. In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011). Where a settlement produces a common fund for the benefit of an entire class, the court has discretion to use either the lodestar method or the percentage-of-recovery method for determining reasonable fees. Id. at 942. Regardless of the method applied, however, we are "guided by the fundamental principle that fee awards out of common funds be reasonable under the circumstances." In re Washington Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1296 (9th Cir. 1994).

1    Class counsel have requested attorneys' fees in the amount of $13,342,093 to be paid

2  from the settlement fund.  They assert that these fees are reasonable under either the

3  percentage-of-recovery method or the lodestar/multiplier method.

4    The percentage-of-recovery is an award based on a percentage of the total common

5  fund.  The Ninth Circuit has used 25% as a benchmark for reasonableness.  In re Bluetooth,

6  654 F.3d at 942.  However, that benchmark must be adjusted or replaced by a lodestar

7  calculation when "the percentage recovery would be either too small or too large in light of

8  the hours devoted to the case or other relevant factors."  Six Mexican Workers v. Arizona

9  Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).  For example, awarding 25% of a

10  "megafund" (funds of $50 million or more) may yield unreasonable windfall profits for class

11  counsel as compared to the hours spent on the case.  In re Bluetooth, 654 F.3d at 942.

12    We agree with class counsel that an award of fees at 15% of the settlement fund is

13  reasonable in this case.  After two years of litigation within a firm, but fair time frame, class

14  counsel have generated proposed class settlements that create a common fund of

15  $88,947,288.  The result achieved by counsel is significant.  An award of 15% of the

16  settlement fund is appropriately below the median for funds ranging from $25 million to

17  $100 million.  See Dr. Renzo Comolli, Recent Trends in Securities Class Action Litigation:

18  2012 Mid-Year Review, NERA Economic Consulting, July 24, 2012 (noting median fee of

19  27% for funds between $25 and $100 million); see also In re Mercury Inter. Corp. Sec. Litig.,

20  No. CV-05-3395, 2011WL826797, at *2 (N.D. Cal. March 3, 2011) (awarding 22% of

21  $117.5 million common fund).  Class Counsel were retained on a purely contingent basis in

22  a complex case fraught with uncertainty.  Counsel advanced litigation costs in excess of $1.5

23  million in order to prosecute this action, shouldering the risk of non-payment.  Absent class

24  counsels' willingness to advance these litigation costs, there likely would have been no

25  common fund.  Finally, counsel have demonstrated outstanding expertise, diligence, and

26  professionalism at every stage of this litigation.

27

28

A lodestar cross-check confirms the reasonableness of the requested fee.[1]  The lodestar amount is calculated by multiplying the number of hours reasonably expended on the litigation, by a reasonable hourly rate for the region and the experience of the lawyer. We may adjust the lodestar amount by a multiplier based on "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment."  In re Bluetooth, 654 F.3d at 942 (citation omitted).

The records show that collectively class counsel and their professional staff expended over 28,000 hours litigating this action at an average hourly rate of $364 for a total lodestar of $10,243,574.  We find nothing in the record that would suggest that the hours claimed should be disallowed.  Counsels' requested fee of $13,342,093, therefore, represents a multiplier of 1.3 over the lodestar amount.

The multiplier is adequately supported by the factors in this case.  Again, the quality of class counsel's representation was superb.  The benefit obtained by the class exceeds what is generally awarded in securities fraud cases.  The issues in this case were both novel and complex.  And finally, the risk to class counsel of nonpayment was significant.

We conclude that under all the circumstances of this case class counsels' request for fees is reasonable.  We also conclude that counsels' request for reimbursement of $1,435,527 in taxable and non-taxable litigation expenses is reasonable.  Class counsels' motion for award of attorneys' fees and costs is granted (doc. 428).

**II**

Counsel for RB Liquidation LLC request fees in the amount of $704,000.  Counsel state that the amount is less than 3% of the amount contributed to the settlement fund by Quarles.  On a lodestar cross-check, counsel explain that the total time expended since October 2008 is approximately 1,700 for all shareholders, associates and paralegals, which, at an average hourly rate of $286, amounts to a lodestar fee of $486,988.50.  Therefore, the

---

[1]Class counsel have lodged under seal billing detail to allow the court to perform a lodestar cross-check.  The clerk shall file the lodged documents under seal (doc. 465).

1    requested amount of $704,000 represents a multiplier of 1.4 over the lodestar amount.

2    Counsel also represent that they have incurred $14,859.25 in non-taxable costs, but they do

3    not request a separate reimbursement.  Instead, they suggest that the costs will be paid from

4    the $704,000 award.

5          We decline to apply the percentage-of-recovery  method in calculating fees for RB

6    Liquidation counsel.  While we agree that their efforts likely benefitted the class, the RB

7    Liquidation lawyers were not representing a class, but were retained by a liquidation entity

8    in bankruptcy.

9          Therefore, we consider the reasonableness of the fee request based on a lodestar

10   analysis.  We first question the propriety of including fees related to counsels' representation

11   of Radical Bunny and its principals in the course of the SEC investigation.  Approximately

12   700 of the 1,700 hours claimed were incurred during the two years before RB Liquidation

13   LLC was formed.  Without specifying an amount, counsel acknowledge that they "have

14   received some compensation for representing Radical Bunny and its members in the SEC and

15   ACC actions." Motion at 4 n.6.  They nevertheless include those fees in this application, id.,

16   suggesting a double recovery, which is clearly unreasonable.

17         We also decline to apply a multiplier to RB Liquidation counsel's lodestar amount.

18   We have no way to assess the quality of counsel's representation, or to determine to what

19   extent RB Liquidation counsels' efforts actually contributed to the establishment of the

20   common fund.  We agree that the issues addressed by RB Liquidation counsel were novel

21   and complex and that they bore a risk of non-payment by assuming the representation on a

22   contingency basis.  But we do not believe that these factors alone warrant an enhancement

23   of fees over those actually incurred.

24         Based on counsels' representation that they have already been compensated for some

25   of the claimed hours, and further reducing the hours by an estimate of hours incurred during

26   the SEC representation that did not ultimately contribute to the benefit of the class, we reduce

27   the compensable hours to 1400, for a total attorneys' fees award of $400,400.  Because we

28   have declined to approve an enhanced award, we separately grant counsel reimbursement of

1   $14,859.25 in non-taxable costs.

2                                       III

3      **IT IS ORDERED GRANTING** class counsels' motion for an award of attorneys'

4   fees (doc. 428), and awarding fees in the amount of $13,342,093, and taxable and non-

5   taxable costs in the amount of $1,435,527.

6      **IT IS ORDERED GRANTING** in part RB Liquidation LLC's counsels' motion for

7   an award of attorneys' fees (doc. 432), and awarding fees in the amount of $400,400, and

8   non-taxable costs in the amount of $14,859.25.

9      Because this order modifies the Net Settlement Fund, the parties shall file within 10

10  days of the date of this order, revised proposed orders and final judgments and plans of

11  allocation incorporating the revised Net Settlement Fund.  The parties shall also itemize all

12  deductions from the gross Settlement Funds, including deductions made for administrative

13  fees and notice costs so that the court can effectively reconcile the difference between the

14  gross and net settlement funds.

15     DATED this 3rd day of October, 2012.

16

17  _____

18                  Frederick J. Martone
                   United States District Judge

19

20

21

22

23

24

25

26

27

28