1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9

10

11

12

13

14

Robert Facciola, et al.,

Plaintiffs,

vs.

Greenberg Traurig, LLP, a New York
limited liability partnership, et al.,

Defendants.

No. CV-10-1025-PHX-FJM

**ORDER AND FINAL JUDGMENT
AS TO DEFENDANT QUARLES &
BRADY, LLP**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On the 14th day of September, 2012, a hearing having been held before this Court
to determine: (1) whether the terms and conditions of the Stipulation of Settlement
between Lead Plaintiffs and Defendant Quarles & Brady LLP dated June 4, 2012
(collectively, the "Settlement") are fair, reasonable and adequate for the settlement of all
claims asserted in this action against Defendant Quarles & Brady LLP ("Quarles"); (2)
whether judgment should be entered dismissing all claims against Quarles in the First
Amended Complaint, on the merits and with prejudice, as against all Settlement Classes
Members who have not requested exclusion therefrom; (3) whether to approve the
proposed Plan of Allocation as a fair and reasonable method to allocate the settlement
proceeds among the Settlement Classes Members; and (4) whether and in what amount to
approve fees and reimbursement of expenses to Class Counsel and RB Liquidation's
counsel; and

The District Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the Final Approval Hearing substantially in the form approved by the District Court in the Preliminary Approval Order was mailed to all persons and entities reasonably identifiable who purchased investments offered by Mortgages Ltd. and Radical Bunny, LLC ("Radical Bunny"), during the Class Period, except those persons and entities excluded from the definition of the Settlement Classes;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The District Court has jurisdiction over the subject matter of the Facciola Litigation, Lead Plaintiffs, all Settlement Classes Members and Quarles.

2. All capitalized terms used herein will have the same meanings as set forth and defined in the Settlement.

3. The District Court finds, for purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the number of Settlement Classes Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Classes they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Classes; (e) the questions of law and fact common to the Settlement Classes Members predominate over any questions affecting only individual Settlement Classes Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the District Court hereby certifies the following Settlement Classes against Quarles:  (a) all Persons who, during the Settlement Classes Period, (1) invested or held investments in Radical Bunny; (2) purchased (or held)

through Radical Bunny interests in loans by Radical Bunny to Mortgages Ltd.; (3)
purchased (or held) through Radical Bunny interests in deeds of trust issued to Mortgages
Ltd.; or (4) purchased or held investments, securities, or beneficial interests in securities
from or issued by Radical Bunny; and (b) all Persons who, during the Settlement Classes
Period, (1) invested or held investments in Mortgages Ltd. (or the limited liability
companies it managed); (2) purchased, acquired, or held interests in deeds of trust issued
to Mortgages Ltd.; or (3) purchased or held investments, securities, or beneficial interests
in securities from or issued by Mortgages Ltd. (or the limited liability companies it
managed) or Mortgages Ltd. Securities.   The Settlement Classes include the Settlement
Classes Members collectively as well as each Settlement Classes Member acting
individually.  Excluded from the Settlement Classes are the following:

      (a)     Mortgages Ltd., Mortgages Ltd. Securities, Radical Bunny, and each
of their officers, directors, managers, owners, shareholders, employees, affiliates, agents,
legal representatives, predecessors, successors, and assigns;

      (b)     Scott Coles, Ashley Coles, and their children, heirs, family trusts,
and estates;

      (c)     the entities named at any time as defendants in the Facciola
Litigation (Greenberg Traurig, LLP, Quarles & Brady LLP, CBIZ, Inc., CBIZ MHM,
LLC, and Mayer Hoffman McCann, P.C.);

      (d)     the individuals named at any time as defendants in the Facciola
Litigation (Michael M. Denning, Donna J. Denning, Todd S. Brown, Cynthia D. Brown,
Christopher J. Olson, Rachel L. Schwartz-Olson, Jeffrey A. Newman, Kathleen N.
Newman, Tom Hirsch, Diane Rose Hirsch, Howard E. Walder, Berta F. Walder, Harish
P. Shah, and Madhavi H. Shah), and each of their spouses, family trusts, and estates; and

      (e)     all Persons who are presently named as plaintiffs or who have
purported to assign claims to Person(s) named as plaintiffs in the following three separate
actions in which claims have threatened to be asserted against Quarles and/or are subject

to tolling agreements with Quarles: (1) *Roger Ashkenazi, et al. v. Greenberg Traurig LLP, et al.*, No. CV2010-020851 (Ariz. Super. Ct.), (2) *Mary Marsh, et al. v. Greenberg Traurig LLP, et al.*, No. CV2010-097769 (Ariz. Super. Ct.), and (3) *Victims Recovery, LLC v. Greenberg Traurig LLP, et al.*, No CV2010-052188 (Ariz. Super. Ct.). Also excluded from the Settlement Classes are any putative Settlement Classes Members who exclude themselves by filing a timely, valid request for exclusion.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs are certified as class representatives for the Settlement Classes and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the District Court are hereby appointed as Class Counsel for the Settlement Classes.

6.     The Settlement, which is incorporated and made a part of this Judgment, is approved as fair, reasonable and adequate, and in the best interests of the Settlement Classes.  Lead Plaintiffs are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement, including without limitation distribution to the Settlement Classes in accordance with the approved plan of allocation, pursuant to which $11,287,346 will be distributed to members of the ML Settlement Class and $11,287,346 will be distributed to the members of the RB Settlement Class.

7.     All claims against Quarles in the Facciola Litigation are hereby dismissed with prejudice and without costs.

8.     Lead Plaintiffs and each of the Settlement Classes Members, on behalf of themselves, their current and former spouses, heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, past and present successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, employees, members, managers, trustees, agents, representatives, attorneys, insurers and assigns, and any person they represent or that acts by, through, under, or in concert with them, or any of them, hereby fully, finally, and forever compromise, settle, release, resolve, relinquish,

waive, discharge and dismiss, and will be deemed to have fully, finally, and forever

compromised, settled, released, resolved, relinquished, waived, discharged and

dismissed, the Released Parties of and from the Released Claims, with prejudice and on

the merits, without costs to any party, whether or not such Settlement Classes Member

received actual notice of the Settlement prior to entry of this Order or receives a

distribution from the Net Settlement Fund.  Lead Plaintiffs and all Settlement Classes

Members, on behalf of themselves, their current and former spouses, heirs, joint tenants,

tenants in common, beneficiaries, executors, administrators, past and present successors,

predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, employees,

members, managers, trustees, agents, representatives, attorneys, insurers and assigns, and

any person they represent or that acts by, through, under, or in concert with them, or any

of them, are forever barred and enjoined from commencing, instituting, or continuing to

prosecute any action or proceeding in any court of law or equity, arbitration tribunal,

administrative forum, or other forum of any kind, asserting against any of the Released

Parties, and each of them, any of the Released Claims.

9.    Quarles, on behalf of itself and its predecessors, successors in interest, and

attorneys of record, hereby releases and forever discharges, and will be deemed to have

released and forever discharged, Lead Plaintiffs and Class Counsel from any and all

claims, known or unknown, arising out of or relating to their filing, prosecution or

settlement of the Facciola Litigation.

10.    Notwithstanding ¶¶ 8-9 above, nothing in this Judgment bars any action by

any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.    The District Court hereby enters the following Bar Order:

(a)    In accordance with A.R.S. § 44-2003(K), the Court permanently bars

and extinguishes any and all claims in any state or federal jurisdiction for contribution

based upon, arising out of, or related to any Released Claim, including, but not limited to,

any claim that is based upon, arises out of, or relates to the Facciola Litigation, or the

transactions and occurrences referred to in the First Amended Complaint, or in any counterclaims or third-party claims by any (i) person or entity against the Released Parties, or any of them, and (ii) the Released Parties against any person or entity, other than as set forth in A.R.S. § 44-2003(K)(2); provided, however, that, if the Lead Plaintiffs, or any of them, obtain any judgment against any such person or entity based upon, arising out of, or relating to Released Claims covered by A.R.S. § 44-2003(K), that person or entity will be entitled to a judgment credit, in accordance with A.R.S. § 44-2003(K), equal to the greater of (i) an amount that corresponds to the percentage of responsibility of the Released Parties for the damages to the Lead Plaintiffs on account of the Released Claims, or (ii) the Settlement Amount.

(b)     The Court completely and permanently bars and enjoins any and all Persons from commencing, prosecuting, or asserting any claim, cross-claim or third-party claim in any state or federal jurisdiction against the Released Parties, or any of them, arising under state, federal, or common law, however styled, whether for indemnification or contribution or otherwise denominated (including, without limitation, claims for breach of contract, negligence, professional liability, breach of fiduciary duty, misrepresentation, conspiracy, unjust enrichment, or aiding and abetting), where the claim constitutes, is based upon, arises out of or relates to a Released Claim.  The provisions of this complete bar order are intended to preclude any liability of the Released Parties to any Person for indemnification, contribution, or otherwise on any claim in which a Person seeks to recover from the Released Parties, or any of them (i) any amounts such Person is liable, or may become liable, to pay to the Lead Plaintiffs or the Settlement Classes Members; and/or (ii) any costs, expenses, or attorneys' fees from defending any claim(s) asserted by the Lead Plaintiffs or the Settlement Classes Members; provided, however, that if the Lead Plaintiffs obtain any judgment against any such Person based upon, arising out of, or relating to any Released Claim, that Person will be entitled to a judgment credit equal to the greater of (i) an amount that corresponds

to the percentage of responsibility of the Released Parties for the damages to the Lead Plaintiffs or the Settlement Classes Members on account of the Released Claims; and (ii) the Settlement Amount.

(c)     Except as provided in ¶ 11(d) below, the Court completely and permanently bars and enjoins the Released Parties from commencing, prosecuting, or asserting any claim, cross-claim or third-party complaint claim in any state or federal jurisdiction against any and all Persons arising under state, federal, or common law, however styled, whether for indemnification or contribution or otherwise denominated (including, without limitation, claims for breach of contract, negligence, professional liability, breach of fiduciary duty, misrepresentation, conspiracy, unjust enrichment, or aiding and abetting), where the claim constitutes, is based upon, arises out of or relates to a Released Claim.  The provisions of this complete bar order are intended to preclude any liability by any Person to the Released Parties for indemnification, contribution, or otherwise on any claim in which the Released Parties, or any of them, seek to recover from any Person (i) any amounts the Released Parties are liable, or may become liable, to pay to the Lead Plaintiffs or the Settlement Classes Members; and/or (ii) any costs, expenses, or attorneys' fees from defending any claim(s) asserted by the Lead Plaintiffs or the Settlement Classes Members.

(d)     Nothing in this Bar Order will prevent a putative Settlement Classes Member who timely and validly requested an exclusion from the Settlement Classes from pursuing any Released Claim against any Released Party.  If any putative Settlement Classes Member who validly requests exclusion from the Settlement Classes pursues any such Released Claim against any Released Party, nothing in the Bar Order will operate to preclude such Released Party from asserting any claim of any kind against such putative Settlement Classes Member (or seeking contribution or indemnity from any Person, including any former or current co-defendant in the Facciola Litigation, in respect of the claim of such putative Settlement Classes Member who validly requests exclusion from

1    the Settlement Classes).

2         (e)    Notwithstanding anything to the contrary in the Bar Order, in the

3    event that any Person (for purposes of this paragraph, a "petitioner") commences against

4    any of the Released Parties any action asserting a claim that is based upon, arises out of,

5    or relates to any Released Claim belonging to the Settlement Classes or a Settlement

6    Classes Member and such claim is not barred by this Order or is not otherwise barred by

7    the Bar Order, the Bar Order will not bar claims by that Released Party against (i) such

8    petitioner; (ii) any Person who is or was controlled by, controlling or under common

9    control with the petitioner, or whose assets or estate are or were controlled, represented or

10   administered by the petitioner, or as to whose claims the petitioner has succeeded; and

11   (iii) any Person that participated with any of the Persons described in items (i) and (ii) of

12   this paragraph in connection with the conduct, transactions or occurrences that are the

13   subject of the claim brought against the Released Party(s).  Nothing in this paragraph will

14   be deemed to create a claim or cause of action against a petitioner or any other Person

15   described in this paragraph.

16        12.    The District Court finds that all Parties and their counsel have complied

17   with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all

18   proceedings herein.

19        13.    Neither this Judgment, the Settlement, the Stipulation, nor any of the

20   negotiations, documents or proceedings connected with them may be:

21        (a)    construed, offered or received against Quarles or any other Released

22   Party, as evidence of, or construed as, or be deemed to be evidence of, any presumption,

23   concession or admission with respect to the truth of any fact alleged by Lead Plaintiffs or

24   the validity, or lack thereof, of any claim that had been or could have been asserted in the

25   Facciola Litigation or in any litigation, or the deficiency of any defense that has been or

26   could have been asserted in the Facciola Litigation or in any litigation, or of any liability,

27   fault or wrongdoing of Quarles or other Released Parties; or

28

1       (b)     construed, offered or received against Lead Plaintiffs or any member

2 of the Litigation Classes as evidence of, or construed as, or deemed to be evidence of any

3 presumption, concession or admission that any of their claims are or were without merit

4 or that damages recoverable under the First Amended Complaint would not have

5 exceeded the Settlement Fund.

6       14.     Exclusive jurisdiction is hereby retained over the Parties and the Settlement

7 Classes Members for all matters relating to the Facciola Litigation, including the

8 administration, interpretation, effectuation or enforcement of the Settlement, the

9 Stipulation and this Judgment, and including any application for fees and expenses

10 incurred in connection with administering and distributing the settlement proceeds to the

11 Settlement Classes Members.

12       15.     There is no just reason for delay in the entry of this Judgment and

13 immediate entry by the Clerk of the District Court is directed pursuant to Rule 54(b) of

14 the Federal Rules of Civil Procedure.

15       16.     Separate orders will be entered regarding approval of the proposed Plan of

16 Allocation and any application for attorneys' fees and reimbursement of expenses.  Such

17 orders will no in way affect or delay the finality of this Judgment and will not affect or

18 delay the Effective Date.

19       17.     The District Court hereby finds that the notice provided to the Settlement

20 Classes provided the best notice practicable under the circumstances.  Said notice

21 provided due and adequate notice of these proceedings and the matters set forth herein,

22 including the Settlement and Plan of Allocation, to all persons entitled to such notice, and

23 said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil

24 Procedure and the requirements of due process.  A full opportunity has been offered to

25 the Settlement Classes Members to object to the proposed Settlement and to participate in

26 the hearing thereon.  Thus, it is hereby determined that all Settlement Classes Members

27 are bound by this Judgment except those persons set forth on Exhibit A.

28

1    18.    Any Release executed by or deemed to have been executed by any Federal

2  agency, State, municipality or any of its agencies or political subdivisions in its capacity

3  as an Investor in the securities at issue shall not be deemed to have released the power

4  and authority of such entity, or the Attorney General, acting in its sovereign capacity as a

5  law enforcement or regulatory authority to bring a law enforcement claim based on the

6  same facts presented in this litigation.

7    Dated this 5th day of October, 2012.

8

9

10  _____

11    Frederick J. Martone
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## PERSONS EXCLUDED FROM JUDGMENT

1.  Robert and Kati Rader, as individuals and trustees in their family
    trust
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 92101
    (619) 230-0063

2.  Delbert and Heather Lewis, as individuals and trustees in their
    family trust
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 921 01
    (619) 230-0063

3.  Jane Bartelme
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 92101
    (619) 230-0063

4.  Mark Loberg
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 92101
    (619) 230-0063

5.  Jan Sterling, as an individual and trustee
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 92101
    (619) 230-0063

6.  Donald Fruchtman
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 92101
    (619) 230-0063

7.      David and Hanna Furst, Furst Family Trust, and DHF Corporate
        Pension Plan, as individuals and trustees in their family trust
        c/o Johnson & Weaver, LLP
        110 West "A" Street, Suite 750
        San Diego, CA 92101
        (619) 230-0063

8.      Tom and Nancy Lutz
        c/o Johnson & Weaver, LLP
        110 West "A" Street, Suite 750
        San Diego, CA 92101
        (619) 230-0063

9.      Louis and Thelma Vazquez, as individuals and trustees in their
        family trust
        c/o Johnson & Weaver, LLP
        110 West "A" Street, Suite 750
        San Diego, CA 92101
        (619) 230-0063

10.     David Stanton, as an individual and trustee
        c/o Johnson & Weaver, LLP
        110 West A Street, Suite 750
        San Diego, California 92101
        (619) 230-0063

11.     Wally Clarke
        c/o Johnson & Weaver, LLP
        110 West A Street, Suite 750
        San Diego, California 92101
        (619) 230-0063

12.     Susan Tharp and Michael Norman, as individuals and trustees
        c/o Johnson & Weaver, LLP
        110 West A Street, Suite 750
        San Diego, California 92101
        (619) 230-0063

13.    Karen Lamb
       c/o Johnson & Weaver, LLP
       110 West A Street, Suite 750
       San Diego, California 92101
       (619) 230-0063