IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Facciola, et al.,<br><br>               Plaintiffs,<br><br>         vs.<br><br>Greenberg Traurig, LLP, a New York limited liability partnership, et al.,<br><br>              Defendants. | No. CV-10-1025-PHX-FJM<br><br>**ORDER AND FINAL JUDGMENT AS TO DEFENDANT GREENBERG TRAURIG, LLP** |

On the 14th day of September, 2012, a Final Approval Hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement between Lead Plaintiffs and Defendant Greenberg Traurig LLP dated June 20, 2012 (collectively, the "Settlement") are fair, reasonable and adequate for the settlement of all claims asserted in this action against Defendant Greenberg Traurig LLP ("Greenberg"); (2) whether judgment should be entered dismissing all claims against Greenberg in the First Amended Complaint, on the merits and with prejudice, as against all Settlement Classes Members who have not requested exclusion therefrom; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Settlement Classes Members; and (4) whether and in what amount to approve fees and reimbursement of expenses to Class Counsel; and

The District Court having considered all matters submitted to it at the hearing and

1

otherwise; and it appearing that a notice of the Final Approval Hearing substantially in the form approved by the District Court in the Preliminary Approval Order was mailed to all persons and entities reasonably identifiable who purchased investments offered by Mortgages Ltd. and Radical Bunny, LLC ("Radical Bunny"), during the Class Period, except those persons and entities excluded from the definition of the Settlement Classes;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The District Court has jurisdiction over the subject matter of the Facciola Litigation, Lead Plaintiffs, all Settlement Classes Members and Greenberg.

2.    All capitalized terms used herein will have the same meanings as set forth and defined in the Settlement.

3.    The District Court finds, for purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the number of Settlement Classes Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Classes they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Classes; (e) the questions of law and fact common to the Settlement Classes Members predominate over any questions affecting only individual Settlement Classes Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the District Court hereby certifies the following Settlement Classes against Greenberg:  (a) all Persons who, during the Settlement Classes Period (September 1, 2005 through June 3, 2008), (1) invested or held investments in Radical Bunny; (2) purchased (or held) through Radical Bunny interests in loans by

Radical Bunny to Mortgages Ltd.; (3) purchased (or held) through Radical Bunny interests in deeds of trust issued to Mortgages Ltd.; or (4) purchased or held investments, securities, or beneficial interests in securities from or issued by Radical Bunny; and (b) all Persons who, during the Settlement Classes Period, (1) invested or held investments in Mortgages Ltd. (or the limited liability companies it managed); (2) purchased, acquired, or held interests in deeds of trust issued to Mortgages Ltd.; or (3) purchased or held investments, securities, or beneficial interests in securities from or issued by Mortgages Ltd. (or the limited liability companies it managed) or Mortgages Ltd. Securities.   The Settlement Classes include the Settlement Classes Members collectively as well as each Settlement Classes Member acting individually.  Excluded from the Settlement Classes are the following:

(a)     Mortgages Ltd., Mortgages Ltd. Securities, Radical Bunny, and each of their officers, directors, managers, owners, shareholders, employees, affiliates, agents, legal representatives, predecessors, successors, and assigns;

(b)     Scott Coles, Ashley Coles, and their children, heirs, family trusts, and estates;

(c)     the entities named at any time as defendants in the Facciola Litigation (Greenberg Traurig, LLP, Quarles & Brady LLP, CBIZ, Inc., CBIZ MHM, LLC, and Mayer Hoffman McCann, P.C.);

(d)     the individuals named at any time as defendants in the Facciola Litigation (Michael M. Denning, Donna J. Denning, Todd S. Brown, Cynthia D. Brown, Christopher J. Olson, Rachel L. Schwartz-Olson, Jeffrey A. Newman, Kathleen N. Newman, Tom Hirsch, Diane Rose Hirsch, Howard E. Walder, Berta F. Walder, Harish P. Shah, and Madhavi H. Shah), and each of their spouses, family trusts, and estates; and

(e)     all Persons who are presently named as plaintiffs in *Roger Ashkenazi, et al. v. Greenberg Traurig LLP*, *et al.*, No. CV2010-020851 (Ariz. Super. Ct.), or *Mary Marsh, et al. v. Greenberg Traurig LLP, et al.*, No. CV2010-097769 (Ariz.

Super. Ct.), and all Persons who have assigned claims to the Plaintiff in *Victims Recovery, LLC v. Greenberg Traurig LLP, et al.*, No CV2010-052188 (Ariz. Super. Ct.), but only to the extent those Persons have assigned a claim or claims to Victims Recovery, LLC.  Also excluded from the Settlement Classes are any putative Settlement Classes Members who exclude themselves by filing a timely, valid request for exclusion.  Any putative Settlement Classes Member who files a timely request for exclusion but who thereafter validly retracts that request for exclusion will not be excluded from the Settlement Classes and will be bound by the Settlement.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs are certified as class representatives for the Settlement Classes and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the District Court are hereby appointed as Class Counsel for the Settlement Classes.

6.      The Settlement, which is incorporated and made a part of this Judgment, is approved as fair, reasonable and adequate, and in the best interests of the Settlement Classes.  Lead Plaintiffs are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement including without limitation distribution to the Settlement Classes in accordance with the approved plan of allocation, pursuant to which $35,875,425 will be distributed to members of the ML Settlement Class and $15,239,489 will be distributed to the members of the RB Settlement Class.

7.      All claims against Greenberg in the Facciola Litigation are hereby dismissed with prejudice and without costs.

8.      Lead Plaintiffs and each of the Settlement Classes Members, on behalf of themselves, their current and former spouses, heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, past and present successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, employees, members, managers, trustees, agents, representatives, attorneys, insurers and assigns, and any

person they represent or that acts by, through, under, or in concert with them, or any of them, hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss, and will be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed, the Released Parties of and from the Released Claims, with prejudice and on the merits, without costs to any party, whether or not such Settlement Classes Member received actual notice of the Settlement prior to entry of this Order or receives a distribution from the Net Settlement Fund.  Lead Plaintiffs and all Settlement Classes Members, on behalf of themselves, their current and former spouses, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, past and present successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, employees, members, managers, trustees, agents, representatives, attorneys, insurers and assigns, and any person they represent or that acts by, through, under, or in concert with them, or any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

9.     Greenberg, on behalf of itself and its predecessors, successors in interest, and attorneys of record, hereby releases and forever discharges, and will be deemed to have released and forever discharged, Lead Plaintiffs and Class Counsel from any and all claims, known or unknown, arising out of or relating to their filing, prosecution or settlement of the Facciola Litigation.

10.    Notwithstanding ¶¶ 8-9 above, nothing in this Judgment bars any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.    The District Court hereby enters the following Bar Order:

(a)     In accordance with A.R.S. § 44-2003(K), the Court permanently bars and extinguishes any and all claims in any state, federal, or foreign jurisdiction for

contribution based upon, arising out of, or related to any Released Claim, including, but not limited to, any claim that is based upon, arises out of, or relates to the Facciola Litigation, or the transactions and occurrences referred to in the First Amended Complaint, or in any counterclaims or third-party claims by any (i) person or entity against the Released Parties, or any of them, and (ii) the Released Parties against any person or entity, other than as set forth in A.R.S. § 44-2003(K)(2); provided, however, that, if the Lead Plaintiffs or the Settlement Classes Members, or any of them, obtain any judgment against any such person or entity based upon, arising out of, or relating to Released Claims covered by A.R.S. § 44-2003(K), that person or entity will be entitled to a judgment credit, in accordance with A.R.S. § 44-2003(K), equal to the greater of (i) an amount that corresponds to the percentage of responsibility of the Released Parties for the damages to the Lead Plaintiffs or the Settlement Classes Members on account of the Released Claims, or (ii) the Settlement Fund.

(b)     The Court completely and permanently bars and enjoins any and all Persons from commencing, prosecuting, or asserting any claim, cross-claim or third-party claim in any state, federal, or foreign jurisdiction against the Released Parties, or any of them, arising under state, federal, foreign, or common law, however styled, whether for indemnification or contribution or otherwise denominated (including, without limitation, claims for breach of contract, negligence, professional liability, breach of fiduciary duty, misrepresentation, conspiracy, unjust enrichment, or aiding and abetting), where the claim constitutes, is based upon, arises out of or relates to a Released Claim.  The provisions of this complete bar order are intended to preclude any liability of the Released Parties to any Person for indemnification, contribution, or otherwise on any claim in which a Person seeks to recover from the Released Parties, or any of them (i) any amounts such Person is liable, or may become liable, to pay to the Lead Plaintiffs or the Settlement Classes Members; and/or (ii) any costs, expenses, or attorneys' fees from defending any claim(s) asserted by the Lead Plaintiffs or the Settlement Classes

Members; provided, however, that if the Lead Plaintiffs obtain any judgment against any such Person based upon, arising out of, or relating to any Released Claim, that Person will be entitled to a judgment credit equal to the greater of (i) an amount that corresponds to the percentage of responsibility of the Released Parties for the damages to the Lead Plaintiffs or the Settlement Classes Members on account of the Released Claims; and (ii) the Settlement Fund.

(c)     Except as provided in ¶ 11(d) below, the Court completely and permanently bars and enjoins the Released Parties from commencing, prosecuting, or asserting any claim, cross-claim or third-party complaint claim in any state, federal, or foreign jurisdiction against any and all Persons arising under state, federal, foreign, or common law, however styled, whether for indemnification or contribution or otherwise denominated (including, without limitation, claims for breach of contract, negligence, professional liability, breach of fiduciary duty, misrepresentation, conspiracy, unjust enrichment, or aiding and abetting), where the claim constitutes, is based upon, arises out of or relates to a Released Claim.  The provisions of this complete bar order are intended to preclude any liability by any Person to the Released Parties for indemnification, contribution, or otherwise on any claim in which the Released Parties, or any of them, seek to recover from any Person (i) any amounts the Released Parties are liable, or may become liable, to pay to the Lead Plaintiffs or the Settlement Classes Members; and/or (ii) any costs, expenses, or attorneys' fees from defending any claim(s) asserted by the Lead Plaintiffs or the Settlement Classes Members.

(d)     Nothing in this Bar Order will prevent a putative Settlement Classes Member who timely and validly requested an exclusion from the Settlement Classes from pursuing any Released Claim against any Released Party.  If any putative Settlement Classes Member who validly requests exclusion from the Settlement Classes pursues any such Released Claim against any Released Party, nothing in the Bar Order will operate to preclude such Released Party from asserting any claim of any kind against such putative

1   Settlement Classes Member (or seeking contribution or indemnity from any Person,
2   including any former or current co-defendant in the Facciola Litigation, in respect of the
3   claim of such putative Settlement Classes Member who validly requests exclusion from
4   the Settlement Classes).

5          (e)      Notwithstanding anything to the contrary in the Bar Order, in the
6   event that any Person (for purposes of this paragraph, a "petitioner") commences against
7   any of the Released Parties any action asserting a claim that is based upon, arises out of,
8   or relates to any Released Claim belonging to the Lead Plaintiffs, the Settlement Classes,
9   or a Settlement Classes Member and such claim is not barred by this Order or is not
10  otherwise barred by the Bar Order, the Bar Order will not bar claims by that Released
11  Party against (i) such petitioner; (ii) any Person who is or was controlled by, controlling
12  or under common control with the petitioner, or whose assets or estate are or were
13  controlled, represented or administered by the petitioner, or as to whose claims the
14  petitioner has succeeded; and (iii) any Person that participated with any of the Persons
15  described in items (i) and (ii) of this paragraph in connection with the conduct,
16  transactions or occurrences that are the subject of the claim brought against the Released
17  Party(s).  Nothing in this paragraph will be deemed to create a claim or cause of action
18  against a petitioner or any other Person described in this paragraph.

19         (f)      Notwithstanding anything in ¶¶ (a)-(c) above, nothing in this Stipulation
20  shall be deemed to alter the rights between Greenberg and its insurers.

21         12.      The District Court finds that all Parties and their counsel have complied
22  with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all
23  proceedings herein.

24         13.      Neither this Judgment, the Settlement, the Stipulation, nor any of the
25  negotiations, documents or proceedings connected with them may be:

26         (a)      construed, offered or received against Greenberg or any other
27  Released Party, as evidence of, or construed as, or be deemed to be evidence of, any

28

1   presumption, concession or admission with respect to the truth of any fact alleged by

2   Lead Plaintiffs or the validity, or lack thereof, of any claim that had been or could have

3   been asserted in the Facciola Litigation or in any litigation, or the deficiency of any

4   defense that has been or could have been asserted in the Facciola Litigation or in any

5   litigation, or of any liability, fault or wrongdoing of Greenberg or other Released Parties;

6   or

7           (b)     construed, offered or received against Lead Plaintiffs or any member

8   of the Litigation Classes as evidence of, or construed as, or deemed to be evidence of any

9   presumption, concession or admission that any of their claims are or were without merit

10   or that damages recoverable under the First Amended Complaint would not have

11   exceeded the Settlement Fund.

12           14.     Exclusive jurisdiction is hereby retained over the Parties and the Settlement

13   Classes Members for all matters relating to the Facciola Litigation, including the

14   administration, interpretation, effectuation or enforcement of the Settlement, the

15   Stipulation and this Judgment, and including any application for fees and expenses

16   incurred in connection with administering and distributing the settlement proceeds to the

17   Settlement Classes Members.

18           15.     There is no just reason for delay in the entry of this Judgment and

19   immediate entry by the Clerk of the District Court is directed pursuant to Rule 54(b) of

20   the Federal Rules of Civil Procedure.

21           16.     Separate orders will be entered regarding approval of the proposed Plan of

22   Allocation and any application for attorneys' fees and reimbursement of expenses.  Such

23   orders will no in way affect or delay the finality of this Judgment and will not affect or

24   delay the Effective Date.

25           17.     The District Court hereby finds that the notice provided to the Settlement

26   Classes provided the best notice practicable under the circumstances.  Said notice

27   provided due and adequate notice of these proceedings and the matters set forth herein,

28

1  including the Settlement and Plan of Allocation, to all persons entitled to such notice, and

2  said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil

3  Procedure and the requirements of due process.  A full opportunity has been offered to

4  the Settlement Classes Members to object to the proposed Settlement and to participate in

5  the hearing thereon.  Thus, it is hereby determined that all Settlement Classes Members

6  are bound by this Judgment except those persons set forth on Exhibit A.

7          18.     Any Release executed by or deemed to have been executed by any Federal

8  agency, State, municipality or any of its agencies or political subdivisions in its capacity

9  as an Investor in the securities at issue shall not be deemed to have released the power

10  and authority of such entity, or the Attorney General, acting in its sovereign capacity as a

11  law enforcement or regulatory authority to bring a law enforcement claim based on the

12  same facts presented in this litigation.

13          Dated this 5th day of October, 2012.

_Frederick J. Martone_

Frederick J. Martone
United States District Judge

10

# EXHIBIT A

## PERSONS EXCLUDED FROM JUDGMENT

1.  Robert and Kati Rader, as individuals and trustees in their family
    trust
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 92101
    (619) 230-0063

2.  Delbert and Heather Lewis, as individuals and trustees in their
    family trust
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 921 01
    (619) 230-0063

3.  Jane Bartelme
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 92101
    (619) 230-0063

4.  Mark Loberg
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 92101
    (619) 230-0063

5.  Jan Sterling, as an individual and trustee
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 92101
    (619) 230-0063

6.  Donald Fruchtman
    c/o Johnson & Weaver, LLP
    110 West "A" Street, Suite 750
    San Diego, CA 92101
    (619) 230-0063

7.      David and Hanna Furst, Furst Family Trust, and DHF Corporate
        Pension Plan, as individuals and trustees in their family trust
        c/o Johnson & Weaver, LLP
        110 West "A" Street, Suite 750
        San Diego, CA 92101
        (619) 230-0063

8.      Tom and Nancy Lutz
        c/o Johnson & Weaver, LLP
        110 West "A" Street, Suite 750
        San Diego, CA 92101
        (619) 230-0063

9.      Louis and Thelma Vazquez, as individuals and trustees in their
        family trust
        c/o Johnson & Weaver, LLP
        110 West "A" Street, Suite 750
        San Diego, CA 92101
        (619) 230-0063

10.     David Stanton, as an individual and trustee
        c/o Johnson & Weaver, LLP
        110 West A Street, Suite 750
        San Diego, California 92101
        (619) 230-0063

11.     Wally Clarke
        c/o Johnson & Weaver, LLP
        110 West A Street, Suite 750
        San Diego, California 92101
        (619) 230-0063

12.     Susan Tharp and Michael Norman, as individuals and trustees
        c/o Johnson & Weaver, LLP
        110 West A Street, Suite 750
        San Diego, California 92101
        (619) 230-0063

13.     Karen Lamb
        c/o Johnson & Weaver, LLP
        110 West A Street, Suite 750
        San Diego, California 92101
        (619) 230-0063