1    **WO**

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9    Robert Facciola, et al.,                )    No. CV-10-1025-PHX-FJM
                                              )
10                  Plaintiffs,               )    **ORDER**
                                              )
11   vs.                                      )
                                              )
12                                            )
     Greenberg Traurig LLP, et al.,           )
13                                            )
                    Defendants.               )
14                                            )
                                              )
15

16

17        Lead plaintiffs have filed a motion to extend time to appeal or alternatively for

18   reconsideration, and a motion for expedited ruling (doc. 477). Plaintiffs ask us to reconsider

19   our order finding moot their motion for entry of final judgment in favor of the MHM

20   defendants (doc. 476). In that order we concluded that the entry of a separate final judgment

21   in favor of MHM was unnecessary because the filing of the final judgments against

22   Greenberg and Quarles disposed of the entire case leaving nothing pending in this action.

23   Once those final judgments were entered, the earlier interlocutory orders involving MHM

24   became final and appealable. See American Ironworks & Erectors Inc. v. North Am. Constr.

25   Corp., 248 F.3d 892, 897-98 (9th Cir. 2001).

26        Plaintiffs now express concern that they must appeal from the Greenberg and Quarles

27   final judgments calling into question the finality of those judgments and leaving open the

28   possibility of a delay in the distribution of the settlement proceeds. We disagree. Plaintiffs

1   can appeal the two orders entered in favor of MHM (docs. 200 and 289) which became final

2   and appealable as a result of the entry of the judgments resolving all claims in this action.

3   They would not need to appeal the judgments entered against Greenberg and Quarles. See

4   Fed. R. App. 3(c)(1)(B) (a notice of appeal must "designate the judgment, order, or part

5   thereof being appealed."); 16A Wright & Miller, Fed. Prac. & Proc. § 3949.4 (4th ed. 2012);

6   Finch v. Fort Bend Ind. Sch. Dist., 333 F.3d 555, 565 (5th Cir. 2003) ("When an appellant

7   chooses to appeal specific determinations of the district court–rather than simply appealing

8   from an entire judgment–only the specified issues may be raised on appeal.").  Accordingly

9   we deny plaintiffs' motion to reconsider this ruling.

10        We grant plaintiffs' motion to extend the time to appeal.  We may extend the time to

11   file a notice of appeal if the party shows excusable neglect or good cause.  Fed. R. App. P.

12   4(a)(5)(A)(ii).  In considering a motion to extend the time to appeal we will consider (1) the

13   reason for the delay, (2) whether the moving party acted in good faith, (3) the danger of

14   prejudice to the non-moving party, and (4) the length of delay and its potential impact on

15   judicial proceedings.  Pincay v. Andrews, 389 F.3d 853, 855-56 (9th Cir. 1996).  Each of

16   these factors weighs in favor of an extension.  Lead plaintiffs acted diligently and in good

17   faith in structuring the Greenberg and Quarles final judgments so as to avoid delay in

18   disbursing settlement proceeds.  MHM would not be prejudiced by the delay because

19   plaintiffs have consistently made known their intention to appeal.  The length of the delay

20   is insubstantial and will not affect future judicial proceedings.  Accordingly, we find

21   plaintiffs' neglect excusable and grant plaintiffs' motion to extend the time to appeal the

22   orders in favor of MHM. Plaintiffs' notice of appeal must be filed no later than 14 days from

23   the entry of this order. See Fed. R. App. P. 4(a)(5)(C).

24        **IT IS ORDERED GRANTING** lead plaintiffs' motion to extend, **DENYING** the

25   motion for reconsideration, and **GRANTING** the motion for expedited ruling (doc. 477).

26        DATED this 4th day of December, 2012.

27        _____
          Frederick J. Martone

28        United States District Judge

- 2 -